98

THE STATE OF OHIO, APPELLLNT, *v.* SINITO, APPELLEE.

(No. 74-572—Decided July 9, 1975.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Robert E. Feighan,* for appellant.

*Mr. Leonard W. Yelsky* and *Mr. David A. Snow,* for appellee.

HERBERT, J. The central issue presented in this appeal is whether the immunity granted under R. C. 2945.44[1] is coextensive with the scope of the Fifth Amendment privilege against compulsory self-incrimination. If so, appellee's refusal to testify, based upon the privilege, was unjustified and, except as noted hereinafter, the contempt finding was proper. *Brown* v. *Walker* (1896), 161 U. S. 591. Cf. *McCarthy* v. *Arndstein* (1924), 266 U. S. 34.

Immunity laws can be found in the statutory framework of every state,[2] and, as characterized in *Ullmann* v. *United States* (1956), 350 U. S. 422, 438, they have "become part of our constitutional fabric." Such statutes traditionally fall within one of three different types, according to the extent of the protection granted. They are usually referred to as "use," "use and derivative use," or "transactional" immunity laws. Use and transactional immunity statutes are discussed in *Counselman* v. *Hitchcock* (1892), 142 U. S. 547; *Arndstein* v. *McCarthy* (1920), 254 U. S. 71; *State* v. *Carroll* (1973), 83 Wash. 2d 109, 515 P. 2d 1299; *State* v. *Vickers* (1973), 309 A. 2d 324; and *Dutton* v. *District Court* (1974), 95 Idaho 720, 518 P. 2d 1182. The instant case concerns use and derivative use laws, because of the reading and history of R. C. 2945.44, and our interpretation of the pronouncements contained in *Kastigar* v. *United States* (1972), 406 U. S. 441.

In *Kastigar*, the United States Supreme Court considered whether a federal witness immunity statute,[3] provid-

---

[1]R. C. 2945.44 states:

"Whenever the testimony or other evidence in possession of a person is necessary to a full and complete investigation of any criminal conduct, or to secure or successfully maintain and conclude a prosecution, and when in such case it appears in the interests of justice to do so, a judge of the Court of Common Pleas or Court of Appeals, or a justice of the Supreme Court may grant to such person immunity from any prosecution based on his testimony or other evidence given by him, other than a prosecution for perjury or tampering with evidence."

[2]See 8 Wigmore on Evidence 495, Section 2281.

[3]At issue in *Kastigar* was Section 6002, Title 18, U. S. Code, which states, in pertinent part:

ing both "use and derivative use immunity," was coextensive with the scope of the Fifth Amendment privilege, thereby supplanting that privilege and compelling testimony. *Id.*, at 448. Upon an examination of the applicable constitutional principles, the court found that a grant of immunity must provide protection commensurate with that afforded by pertinent aspects of the Fifth Amendment, the sole concern of which was to prohibit a witness from being forced to give testimony that could lead to the infliction of criminal penalties upon him. The court concluded that use and derivative use immunity is coextensive with the Fifth Amendment privilege and suffices to supplant it. In discussing such immunity, the court, at page 453, referred to Section 6002, Title 18, U. S. Code, and noted: "The statute's explicit proscription of the use in any criminal case of 'testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information)' is consonant with Fifth Amendment standards. * * *"

In the case at bar, appellee contends that the provisions of R. C. 2945.44 grant only use immunity and, therefore, do not confer the broader protection mandated by *Kastigar.*[4]

When utilized, R. C. 2945.44 provides a witness immunity "from any prosecution based on his testimony or other evidence given by him, other than a prosecution for perjury or tampering with evidence." On its face, it is not clear whether the statute confers the immunity required by

---

"'* * * the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order."

[4]See *Counselman* v. *Hitchcock* (142 U. S. 547), and *Arndstein* v. *McCarthy* (254 U. S. 71), in which the protection offered by use immunity statutes was found constitutionally inadequate to compel testimony over a Fifth Amendment claim.

*Kastigar.* However, this court has often emphasized that enactments of the General Assembly are presumed to be constitutional. *State, ex rel., v. Jones* (1894), 51 Ohio St. 492, 37 N. E. 945; *State, ex rel. Dickman, v. Defenbacher* (1955), 164 Ohio St. 142, 128 N. E. 2d 59; *Monroeville v. Ward* (1971), 27 Ohio St. 2d 179, 271 N. E. 2d 757.[5] It is also a well-settled principle of statutory construction that where constitutional questions are raised, courts will liberally construe a statute to save it from constitutional infirmities. *State, ex rel. Prospect Hospital, v. Ferguson* (1938), 133 Ohio St. 325, 13 N. E. 2d 723; *Wilson v. Kennedy* (1949), 151 Ohio St. 485, 86 N. E. 2d 722.

Appellant's position, for construing R. C. 2945.44 to provide both use and derivative use immunity, is further strengthened by a consideration of the object sought to be attained and the circumstances under which this statute was enacted.[6]

R. C. 2945.44 became effective on January 1, 1974, almost 19 months after the United States Supreme Court, in *Kastigar,* had clearly mandated that less of a shield than that supplied by use and derivative use immunity was not commensurate with the privilege against self-incrimination. As enacted, the statute allows for immunity to be granted in any criminal investigation or case. This contrasts with its predecessor, which limited court-approved

---

[5]Additionally, R. C. 1.47 provides, in part:

"In enacting a statute, it is presumed that:

"(A) Compliance with the Constitutions of the state and of the United States is intended * * *."

[6]R. C. 1.49, legislatively referring to basic rules of statutory construction long followed by courts, states:

"If a statute is ambiguous, the court, in determining the intention of the Legislature, may consider among other matters:

"(A) The object sought to be attained;

"(B) The circumstances under which the statute was enacted;

"(C) The legislative history;

"(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

"(E) The consequences of a particular construction;

"(F) The administrative construction of the statute."

immunity to those instances involving gambling and liquor violations. (126 Ohio Laws 168.) As the committee comments to R. C. 2945.44 indicate, the purpose of the statute is to grant immunity to a witness so that the desired testimony may be obtained, and a successful prosecution or full investigation of the criminal conduct under scrutiny can result. In light of these goals, and the legislative history of the current statute, we construe R. C. 2945.44 to provide both use and derivative use immunity. As such, it is coextensive in scope with the Fifth Amendment privilege against self-incrimination.

In ordering appellee to testify, and instructing him upon the extent of the immunity being afforded, the trial court said:

"Mr. Sinito, it will be the direction of the court that the questions placed to you, that you answer those questions. You have, as previously been instructed, been given immunity under Revised Code 2945.44. You have complete immunity in reference to prosecution for any matters arising out of the investigation, or for that matter, any matters relating thereto with the exception you would not be given immunity to prosecution for perjury or hindering the investigation of this Model Cities Grand Jury.

"It is the instructions of the court that you answer those questions."

As can be seen, these remarks are unclear as to the breadth of the immunity being granted. They are so because the able trial judge was proceeding under an unclear statute. Therefore, we are persuaded that punishment for contempt under the circumstances of this case would be unjust, and that portion of the judgment below which sets aside the finding of contempt will be affirmed. The remainder of the judgment of the Court of Appeals is reversed and the cause is remanded to the trial court for further proceedings.

*Judgment reversed in part and affirmed in part.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.