The STATE of Ohio, Appellee,

v.

GAMBLE, Appellant.

[Cite as *State v. Gamble* (1995), 107 Ohio App.3d 496.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950055.

Decided Nov. 22, 1995.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for appellee.

*Douglas M. Mansfield,* for appellant.

*Per Curiam.*

Appellant Jeffrey Gamble was indicted on February 24, 1994, for aggravated trafficking in violation of R.C. 2925.03(A)(2), and drug abuse in violation of R.C. 2925.11. On January 20, 1995, appellant pleaded guilty to aggravated trafficking and the drug abuse charge was dismissed. Appellant was sentenced to a one-year period of incarceration. In addition, the trial court suspended appellant's driver's license for three years pursuant to R.C. 2925.03(M). Appellant timely appealed.

■  Appellant's sole assignment of error alleges that the trial court erred in suspending his driver's license as part of his sentence. Appellant argues that R.C. 2925.03(M) is a violation of his constitutional right to due process because it allows for the suspension of appellant's driver's license even though appellant did not use a motor vehicle in the commission of a drug offense or operate a motor vehicle under the influence of drugs.

R.C. 2925.03(M) provides in part:

"In addition to any other penalty imposed for a violation of this section, the court may revoke, and, if it does not revoke the license, shall suspend for not less than six months nor more than five years, the driver's or commercial driver's license of any person who is convicted of or pleads guilty to a violation of this section that is a felony of the first degree and shall suspend for not less than six months nor more than five years the driver's or commercial driver's license of any person who is convicted of or pleads guilty to any other violation of this section."

■  Legislative enactments are presumed to be constitutional. *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 616 N.E.2d 163; *State v. Anderson* (1991), 57 Ohio St.3d 168, 566 N.E.2d 1224. The unconstitutionality of a statute must be proven beyond a reasonable doubt. *Roosevelt Properties Co. v. Kinney* (1984), 12 Ohio St.3d 7, 12 OBR 6, 465 N.E.2d 421. All presumptions and pertinent rules of construction will be applied so as to uphold a statute assailed as unconstitutional. *State v. Sinito* (1975), 43 Ohio St.2d 98, 72 O.O.2d 54, 330 N.E.2d 896. Where the statute under review does not affect a fundamental right, the rational basis standard of review is applied. *Williamson v. Lee Optical of Oklahoma, Inc.* (1955), 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563. Any exercise of the police power will be valid "if it bears a real and substantial relation to the public health, safety and morals or general welfare of the public and if it is not unreasonable or arbitrary." *State v. Anderson, supra,* 57 Ohio St.3d at 170, 566 N.E.2d at 1225; *Benjamin v. Columbus* (1957), 167 Ohio St. 103, 4 O.O.2d 113, 146 N.E.2d 854.

In *State v. Fonseca* (1995), 106 Ohio App.3d 115, 665 N.E.2d 685, the defendant was convicted of trafficking under R.C. 2925.03(A)(4). His driver's license was suspended pursuant to R.C. 2925.03(M) even though no motor vehicle was involved in the offense. The court upheld the constitutionality of R.C. 2925.03(M), holding that the legislature may have reasonably intended the statute to "impede the transportation and distribution of illegal drugs." *Id.* at 119, 665 N.E.2d at 687. The court noted that suspending the driver's license of a drug offender, especially those convicted of trafficking, was reasonably related to that proper legislative goal.

R.C. 2925.03(M) was also held to be constitutionally applied to suspend the license of a defendant convicted of trafficking under R.C. 2925.03(A)(1), although no automobile was involved in the offense. *State v. Kittle* (Sept. 6, 1995), Montgomery App. No. C.A. 15022, unreported, 1995 WL 559963. The *Kittle* court relied on its decision in *State v. DeVoise* (Dec. 30, 1994), Montgomery App.No. C.A. 14701, unreported, 1994 WL 730553, which held that the driver's license suspension for drug abuse mandated by R.C. 2925.11(F)(1),[1] a provision virtually identical to the mandatory driver's license suspension contained in R.C. 2925.03(M), was constitutional because it "bears a reasonable relationship to the state's legitimate interests in punishment, highway safety and drug control." The *DeVoise* court pointed out that the legislature could simply have opted to increase the sentence for drug offenses by suspending the driver's license of those convicted in an attempt to make drug crimes less attractive.

The Tenth Appellate District relied on *State v. DeVoise, supra*, in upholding the constitutionality of R.C. 2925.11(F)(1) and 4507.16(D)(2),[2] which also provides for mandatory driver's license suspensions. *State v. Buskey* (Aug. 15, 1995), Franklin App. No. 95APA02–198, unreported, 1995 WL 491389. The *Buskey* court held that the legislature's enhancement of the penalty for drug offenses by imposing a driver's license suspension is rationally related to the state's interest

---

1. R.C. 2925.11(F)(1) provides in part:

    "In addition to any other penalty imposed for a violation of this section, the court shall suspend for not less than six months nor more than five years the driver's or commercial driver's license of any person who is convicted of or has pleaded guilty to a violation of this section."

2. R.C. 4507.16(D)(2), part of the statute concerning driver's license suspension and revocation, provides in part:

    "In addition to any other penalties provided by law, the court may revoke, and if it does not revoke the license, shall suspend for not less than six months nor more than five years, as specified in the appropriate section, the driver's or commercial driver's license of any person who is convicted of or pleads guilty to a violation of section * * * 2925.03 * * * of the Revised Code."

in punishing criminal offenders, along with its interest in highway safety and drug control.

Mandatory driver's license suspensions for drug offenders were also upheld in the following cases, even though no motor vehicles were involved in the offenses: *State v. Bateman* (Aug. 31, 1995), Licking App. No. 94–CA–112, unreported, 1995 WL 557348 (suspension pursuant to R.C. 4507.16[D][2] upheld as reasonably related to the state's obligation to promote highway safety and decrease drug abuse); *State v. Mays* (Aug. 8, 1995), Ross App. No. 94 CA 2076, unreported, 1995 WL 479657 (suspension pursuant to R.C. 2925.11[F][1] upheld as constitutional because defendant failed to prove beyond a reasonable doubt that statute had no rational relation to public health, safety, morals or general welfare); *State v. Gingerich* (June 26, 1995), Warren App. No. CA94–11–099, unreported, 1995 WL 375838 (constitutionality of R.C. 2925.11[F][1] upheld because the legislature could have concluded that the prospect of losing one's driver's license would deter potential drug users); and *State v. Smith* (May 5, 1995), Washington App. No. 94CA21, unreported, 1995 WL 271727 (suspensions imposed pursuant to R.C. 2925.11[F][1] and 4507.16[D][2] upheld because they are rationally related to the state's interest in punishment and deterrence of drug abuse and the state's interest in public safety).[3]

We hold that the driver's license suspension imposed upon appellant pursuant to R.C. 2925.03(M) does not violate appellant's right to due process because the statute is rationally related to the state's legitimate interests in punishing drug offenders, deterring drug abuse, impeding the transportation and distribution of illegal drugs, maintaining highway safety and providing for the general welfare of the public. The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., HILDEBRANDT and SUNDERMANN, JJ., concur.

---

3. Appellant cites *State v. Gowdy* (1994), 64 Ohio Misc.2d 38, 639 N.E.2d 878, decided by the Court of Common Pleas for Montgomery County, which held the mandatory driver's license suspension contained in R.C. 2925.03(M) unconstitutional. We decline to adopt the reasoning of the *Gowdy* court because it is against the weight of authority in Ohio.