**CITY OF COLUMBUS, Appellee,**

**v.**

**BRICKER, Appellant.**

[Cite as *Columbus v. Bricker* (1998), 131 Ohio App.3d 675.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–330.

Decided Dec. 3, 1998.

*Janet E. Jackson,* City Attorney, *Stephen L. McIntosh,* City Prosecutor, and *Brenda J. Keltner,* Assistant City Prosecutor, for appellee.

*Roger L. Weaver,* for appellant.

BOWMAN, Judge.

Defendant-appellant, John Bricker, was charged on July 15, 1997, with violating Columbus City Code 3377.15(d). Appellant requested a jury trial and filed a Civ.R. 12(B)(6) motion to dismiss, claiming that Columbus City Code 3377.15(d) was unconstitutional and inapplicable to his conduct. The Franklin County Municipal Court, Environmental Division, held a record hearing on December 12, 1997, and the parties stipulated to the facts. Although no written stipulation is part of the record, the parties do not dispute the facts as set forth by the trial court in its entry, as follows:

"(1) On July 15, 1997, in the City of Columbus, Franklin County, Ohio;

"(2) John P. Bricker;

"(3) On a public right-of-way (specifically, on a sidewalk);

"(4) Placed a physical object called a tripod, and on the tripod affixed a sign that carried a message written in English.

"At all times during which the tripod with the attached sign was placed and sat on the sidewalk, John Bricker walked or stood on the same sidewalk no further than a few feet away from the tripod with attached sign. When John Bricker left the sidewalk he took the tripod with attached sign with him."

Bricker was engaged in protesting the activities taking place inside 3040 North High Street. He was outside that building on the sidewalk. The sign attached to the tripod read, "Choose Life" and "Let Your Baby Live."

The trial court overruled appellant's motion to dismiss, finding that the ordinance as applied to appellant did not violate appellant's right to free speech. On February 17, 1998, appellant pled no contest and the court found appellant guilty, sentencing him to a fine of $25, plus court costs. Appellant filed a timely appeal and raises the following assignments of error:

"First Assignment of Error:

"The trial court erred in failing to rule on defendant-appellant's substantial overbreadth challenge, under U.S. Constitution, Amendment I, to the ordinance in question.

"Second Assignment of Error:

"The trial court erred in denying defendant-appellant's 'as applied' challenge under U.S. Constitution, Amendment I, to the ordinance in question.

"Third Assignment of Error:

"The trial court erred in denying defendant-appellant's motion to dismiss on grounds of the inapplicability of the ordinance in question to defendant-appellant's conduct."

By the first assignment of error, appellant contends that the trial court erred in failing to rule on his substantial overbreadth challenge. In the absence of an explicit ruling in an entry, appellant's challenge to the ordinance was implicitly overruled by the judgment. *Mayes v. Columbus* (Dec. 11, 1997), Franklin App. No. 97APE05–597, unreported, 1997 WL 771028.

To challenge a statute as unconstitutional, the challenger must overcome a strong presumption in favor of constitutionality. *State v. Warner* (1990), 55 Ohio St.3d 31, 43, 564 N.E.2d 18, 30–31, certiorari denied, *Warner v. Ohio* (1991), 499 U.S. 961, 111 S.Ct. 1584, 113 L.Ed.2d 649. It is well settled that courts will liberally construe a statute to save it from constitutional infirmities. *State v. Sinito* (1975), 43 Ohio St.2d 98, 101, 72 O.O.2d 54, 56, 330 N.E.2d 896, 898. Where a statute is susceptible of a narrow construction, the statute cannot be found to be facially overbroad. *Gooding v. Wilson* (1972), 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408.

Columbus City Code 3377.15(d),[1] in effect at the time of appellant's conviction, provided as follows:

"(d) No graphic, sign or advertising device of any kind or any other similar device shall be placed, deposited, maintained or used within any public right-of-way."

The ordinance prohibits any sign being placed, deposited, maintained, or used within any public right-of-way. The trial court found the ordinance constitutional because it was written to prohibit signs from impeding the flow of either pedestrian or vehicular traffic that uses the right-of-way and did not prohibit appellant from placing the sign on his body or carrying the sign and displaying it. However, the trial court erred because the ordinance does prohibit

---

1. Columbus City Code 3377.15(d) was amended, effective November 4, 1997. The pertinent language is now contained in Columbus City Code 3375.13(E).

the "use" of a sign in the public right-of-way. Even though appellant was charged with "placing" the sign rather than "using" the sign, the issue is whether the ordinance restricts constitutionally protected activity. A challenge to a statute based upon overbreadth in the context of the First Amendment, if substantial, is an exception to the general rule that a person to whom a statute may be constitutionally applied cannot challenge the statute on the ground that it may be unconstitutionally applied to others. *Broadrick v. Oklahoma* (1973), 413 U.S. 601, 612, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830, 840. Thus, appellant may challenge the ordinance on grounds of overbreadth.

█ A statute is overbroad " 'when the scope of the statute is so broad that it includes activity which would otherwise be legal.' " *S. Euclid v. Richardson* (1990), 49 Ohio St.3d 147, 151, 551 N.E.2d 606, 609, Appendix, quoting *State v. Forbes* (App. 1979), 13 O.O.3d 224, 225, affirmed *sub nom. State v. Young* (1980), 62 Ohio St.2d 370, 16 O.O.3d 416, 406 N.E.2d 499. The United States Supreme Court stated the following in *Grayned v. Rockford* (1972), 408 U.S. 104, 114, 92 S.Ct. 2294, 2302, 33 L.Ed.2d 222, 231: "A clear and precise enactment may nevertheless be 'overbroad' if in its reach it prohibits constitutionally protected conduct." (Footnote omitted.) In *Akron v. Rowland* (1993), 67 Ohio St.3d 374, 387, 618 N.E.2d 138, 148, the Supreme Court of Ohio quoted *Houston v. Hill* (1987), 482 U.S. 451, 458, 107 S.Ct. 2502, 2508, 96 L.Ed.2d 398, 410, as follows: " 'Only a statute that is substantially overbroad may be invalidated on its face.' " The Supreme Court of Ohio continued and stated, "In order to demonstrate facial overbreadth, the party challenging the enactment must show that its potential application reaches a significant amount of protected activity." *Akron*, at 387, 618 N.E.2d at 148–149.

█ In *Grayned,* the Supreme Court stated that restrictions on the right to use a public place for expressive activity may only be enforced for "weighty reasons." *Id.* at 115, 92 S.Ct. at 2303, 33 L.Ed.2d at 231–232. Although the government may not restrict expressive activity because of its content, reasonable " 'time, place and manner' regulations may be necessary to further significant governmental interests, and are permitted." (Footnote omitted.) *Id.* The nature of a place dictates what types of regulations are reasonable. In "assessing the reasonableness of a regulation, we must weigh heavily the fact that communication is involved; the regulation must be narrowly tailored to further the State's legitimate interest." (Footnotes omitted.) *Id.* at 116–117, 92 S.Ct. at 2303–2304, 33 L.Ed.2d at 232.

█ Since the ordinance prohibits essentially all conduct involving a graphic, sign, or advertising device on any public right-of-way, without limiting the prohibition to situations where the right-of-way is impeded, the ordinance is

overbroad. The ordinance does not constitute a reasonable time, place, and manner restriction since it is not narrowly tailored to further the state's interest and prohibits constitutionally protected activity. Appellant's first assignment of error is well taken.

By the second assignment of error, appellant contends that the trial court erred in denying his constitutional challenge that Columbus City Code 3377.15(d) is unconstitutional as applied to him under the circumstances. Appellant argues that, since he was picketing and engaging in a protected form of expression, the government's ability to restrict his behavior is very limited.

The trial court found that since appellant was charged with "placing" the sign, rather than "using" or "maintaining" the sign, it did not need to consider the application of the ordinance to someone who "uses" or "maintains" the sign in a public right-of-way. The trial court applied a narrow construction to the ordinance and found that it was not unconstitutionally applied to appellant because the ordinance "does not prohibit defendant from placing the sign on this [sic] body or carrying the sign in his hands or arms and then walking up and down the sidewalk displaying the sign. This ordinance does not deny defendant's freedom to speak. It merely prohibits defendant from impeding the free flow of pedestrian traffic in a right-of-way."

However, the language of the ordinance is not limited to merely prohibiting the free flow of pedestrian traffic in a right-of-way and does deny one's freedom to speak. Given the reasons for the statute's unconstitutionality as set forth in the first assignment of error, it necessarily follows that it is unconstitutional as applied to appellant. Appellant's second assignment of error is well taken.

By the third assignment of error, appellant contends that the trial court erred in denying his motion to dismiss on the grounds of the inapplicability of the ordinance to appellant's conduct. Appellant argued that the ordinance does not apply to the occasional, transient use of a picket sign by a demonstrator. By our resolution of the first and second assignments of error, this assignment of error is rendered moot.

Appellant also briefly argues, in the third assignment of error, that the ordinance violates the void-for-vagueness doctrine, stating:

"The terms 'erection, construction, or alteration of graphics' do not convey, to the person of average intelligence, a piece of cardboard affixed to a piece of wood which sits on a sidewalk for varying periods of time and is obviously being used as part of a protest activity." (Appellant's brief to this court.)

There is no indication that appellant raised this issue in the trial court and it cannot be raised for the first time on appeal. *Miller v. Wikel Mfg. Co.*

(1989), 46 Ohio St.3d 76, 78, 545 N.E.2d 76, 78–79. Regardless, this issue is rendered moot by our finding in the first assignment of error. Appellant's third assignment of error is overruled as moot.

For the foregoing reasons, appellant's first and second assignments of error are sustained and the third assignment of error is overruled as moot. The judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court with instructions to vacate appellant's conviction.

*Judgment reversed*
*and cause remanded*
*with instructions.*

DESHLER, P.J., and PEGGY BRYANT, J., concur.