OPINION
Defendant-Appellant, Dennis Allen Gorenflo ("Appellant"), brings this appeal from a judgment issued by the Marion County Court of Common Pleas sentencing him to a maximum of four years of community control supervision. For the reasons set forth in the following opinion, we affirm the trial court's judgment.
In November 1999, the Marion County Grand Jury returned an indictment against Appellant for five counts of sexual battery, in violation of R.C. 2907.03(A)(5), third-degree felonies. In June 2000, the Marion County Grand Jury returned an additional indictment against Appellant for five counts of sexual battery, in violation of R.C. 2907.03(A)(9), third-degree felonies. Appellant entered a plea of not guilty. These indictments arose from numerous sexual encounters between Appellant and the minor daughter of his live-in girlfriend, which occurred between October 20, 1998 and March 30, 1999.
Defendant filed a motion to dismiss, challenging the constitutionality of R.C. 2907.03(A)(9) as being overbroad and void for vagueness. That motion was heard and overruled by the trial court. The matter proceeded to bench trial on August 1, 2000, where the trial court found defendant guilty of four counts of sexual battery in violation of R.C. 2907.03(A)(9), not guilty of one count of sexual battery in violation of R.C.2907.03(A)(9), and not guilty of all five counts of sexual battery in violation of R.C. 2907.03(A)(5). On October 16, 2000, Appellant was found to be a sexually oriented offender and sentenced to a maximum of four years of community control supervision. Appellant was also determined to be a sexually oriented offender and ordered to comply with the statutory registration requirements. This appeal followed.
Appellant presents the following as his assignments of error on appeal:
 Assignment of Error 1
Ohio Revised Code 2907.03(A)(9) is unconstitutional because it is overbroad and/or void for vagueness.
Appellant argues that examination of R.C. 2907.03(A)(9) under requisite constitutional standards clearly reveals that the statute affords no meaningful guidance as to what the law prohibits. Thus, Appellant argues that this statute is unconstitutionally overbroad and/or void for vagueness. We disagree.
R.C. 2907.03(A)(9) provides, in relevant part:
No person shall engage in sexual conduct with another, not the spouse ofthe offender, when * * * [t]he other person is a minor, and the offenderis the other person's athletic or other type of coach, is the otherperson's instructor, is the leader of a scouting troop of which the otherperson is a member, or is a person with temporary or occasionaldisciplinary control over the other person. Emphasis added.
In order to successfully challenge a statute as unconstitutional, Appellant must overcome a strong presumption in favor of constitutionality. Columbus v. Bricker (1998), 131 Ohio App.3d 675,678. Further, the challenger must demonstrate that the statute is unconstitutional beyond a reasonable doubt. State v. Smith (1998),126 Ohio App.3d 193, 210.
It is well-settled in Ohio that the overbreadth doctrine has limited application, and "outside the limited First Amendment context, a criminal statute may not be attacked as overbroad." State v. Collier (1991),62 Ohio St.3d 267, 272, citing Schall v. Martin (1984), 467 U.S. 253,269, 104 S.Ct. 2403, 2412, 81 L.Ed.2d 207, 220, fn. 18. As such, R.C.2907.03(A)(9) is not constitutionally overbroad, as the First Amendment does not protect consensual sex with a minor; R.C. 2907.03(A)(9) is not aimed at expression of ideas or beliefs but rather at prohibiting a person's taking advantage of their position of authority over another, who is a minor, by engaging in sexual conduct with that minor. U.S.C.A. Const. Amend. 1, R.C. 2907.03(A)(9). Therefore, we will examine whether this statute is unconstitutionally vague.
The vagueness doctrine requires a statute to give fair notice of illegal conduct. State v. Dario (1995), 106 Ohio App.3d 232, 236. A statute may be void for vagueness if it does not give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden, or if the statute encourages arbitrary and erratic arrests and convictions. Id., citing Papachristou v. Jacksonville (1972),405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110, 115.
In Dario, the First District Court of Appeals upheld the constitutionality of Ohio's menacing by stalking statute. That court, citing Kolender v. Lawson, (1983), 461 U.S. 352, 357, 103 S.Ct. 1855,1858, 75 L.Ed.2d 903, 908, held, in relevant part:
 A criminal statute must define the offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. Id. at 327.
 In the present case, Appellant claims that R.C. 2907.03(A)(9) is not sufficiently explicit to inform an ordinary person that his conduct will render him subject to statutory penalties. We disagree and hold that R.C. 2907.03(A)(9) can clearly be understood by ordinary people to mean that any person in a position of authority over a minor, and who has the right to discipline that child, is prohibited from taking advantage of his position of authority by engaging in sexual conduct with that minor. Ordinary common sense informs an individual when he is in a position of authority and has disciplinary control, whether temporary or occasional, over a minor.
Appellant argues that R.C. 2907.03(A)(9) is vague due to the legislature's haste in amending the statute as a result of State v.Noggle (1993), 67 Ohio St.3d 31. Noggle involved a high school teacher and coach who was charged with sexual battery in violation of R.C.2907.03(A)(5), which states, in relevant part:
 No person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person. Id. at 31-32. Emphasis added.
 We agree with the trial court's implication that the wording in R.C. 2907.03(A)(5), which has been held constitutional, State v. Hayes (1987), 31 Ohio App.3d 40, might be less understood by an ordinary person due to the use of the phrase in loco parentis. Conversely, the language in R.C. 2907.03(A)(9) clearly sets out, in plain English and with sufficient definiteness, what conduct is prohibited, in such a way as to alert ordinary people that penalties will be imposed for engaging in that conduct. As such, R.C. 2907(A)(9) is not void for vagueness. Accordingly, Appellant's first assignment of error is not well taken and is therefore overruled.
 Assignment of Error 2
The trial court's verdict of guilty was against the manifest weight of the evidence and without sufficiency of evidence [sic] beyond a reasonable doubt for its finding of guilty.
Appellant argues that the verdict was based upon insufficient evidence and was against the manifest weight of the evidence. Since sufficiency and weight are two distinct legal concepts, State v. Thompkins (1977),78 Ohio St.3d 380, paragraph two of the syllabus, we must address each argument separately.
We will first discuss Appellant's assertion that the evidence was insufficient to convict him of engaging in corrupt activity. When reviewing a claim of insufficient evidence:
 An appellate court * * * [must] examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, reversed on other grounds by State v. Smith (1997), 80 Ohio St.3d 89.
As stated before, R.C. 2907.03(A)(9) requires that the state establish that the offender "* * * is a person with temporary or occasional disciplinary control over the other person." The Appellant contends that the evidence was insufficient to prove that Appellant had temporary or occasional disciplinary control over the victim. We disagree.
In the present case, the record is replete with evidence that, if believed, a rational trier of fact could have found the essential element, that Appellant had at least temporary or occasional disciplinary control over the victim, proven beyond a reasonable doubt. First, Appellant testified that he controlled the house in which the victim lived. Second, the victim's mother informed her that Appellant was her guardian and she had to listen to him, and the victim testified that she was punished if she didn't listen to Appellant by being grounded, having phone privileges taken away, and being denied company. Furthermore, Appellant, himself, informed the child services worker that he considered himself to be a father figure to the victim, stating that he had grounded the victim and had taken away her phone privileges for behavior adverse to his wishes. This evidence is sufficient for a rational trier of fact to have found that Appellant had at least temporary or occasional disciplinary control over the victim.
We now turn to discuss Appellant's contention that the jury verdict was against the manifest weight of the evidence. The standard to apply when reviewing such a claim has been set forth as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Martin (1983), 20 Ohio App.3d 172, 175, State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Furthermore, an appellate court should grant a new trial only in an exceptional case "where the evidence weighs heavily against the conviction." Id. This is not such a case. A complete review of the record here does not lead this court to conclude that the jury clearly lost its way in rendering a guilty verdict.
Appellant's second assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
HADLEY and BRYANT, JJ., concur.