[Cite as *State v. Spano*, 197 Ohio App.3d 135, 2011-Ohio-6026.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO, | ) | CASE NO. 10 MA 3 |
| | ) | |
| APPELLEE, | ) | |
| | ) | |
| v. | ) | OPINION |
| | ) | |
| SPANO, | ) | |
| | ) | |
| APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the County Court No. 5, of Mahoning County, Ohio
Case No. 08 CRB 627

JUDGMENT:                                   Affirmed.


APPEARANCES:

Paul J. Gains, Mahoning County Prosecuting Attorney, and Karen M. Gaglione, Assistant Prosecuting Attorney, for appellee.


Martin Yavorcik, for appellant.


JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated:  November 18, 2011

WAITE, Presiding Judge.

{¶ 1} Appellant, Armando Spano, pleaded guilty to, and was convicted of, one count of violating Canfield Township's zoning ordinances, and he was fined $25 for failure to obtain a special-event zoning permit. Appellant operates a car dealership in Canfield, and the violations arose from signs he put up advertising a sale at the dealership. Canfield's zoning regulations require a person to obtain a permit before setting up a special-event advertising device. Appellant contends that the zoning regulation is unconstitutional because it engages in prior restraint and gives unfettered discretion to the zoning inspector to issue a special-event permit. Appellant has waived any error on appeal by pleading guilty to the criminal offense. In addition, the zoning regulation can be interpreted so that the zoning inspector does not have unfettered discretion but, rather, has only the power to determine whether the permit application satisfies the factors set forth in the zoning resolutions. The line of cases relied on by appellant dealing with prior restraint of protected speech does not involve content-neutral zoning regulations, and therefore, those cases are inapposite. Appellant's assignment of error is without merit, and the judgment of the trial court is affirmed.

{¶ 2} Appellant owns and operates Armando's, Inc., a car dealership located in Canfield Township, Mahoning County, Ohio. On December 29, 2008, appellant was cited for violating a township zoning regulation pursuant to R.C. 519.23. He was alleged to have violated Canfield Township Zoning Resolution ("Zoning Res.") 605.1.7, which requires a permit before installing a special-event advertising device. He was also cited for violating Zoning Res. 702, which describes the procedure and fees for obtaining a zoning permit. On February 17, 2009, appellant, through his counsel, filed a

motion to strike Zoning Res. 605.1.7 as being in violation of the First Amendment to the United States Constitution. The court held a hearing on the motion on June 4, 2009. On August 4, 2009, the court overruled the motion to strike.

{¶ 3} On November 20, 2009, appellant entered a plea of guilty to one count of violating R.C. 519.23. Appellant was represented by counsel during this plea. The court accepted the plea and imposed a fine of $25. Appellant filed this appeal on December 18, 2009.

*Assignment of Error*

{¶ 4} "The zoning laws under which the appellant was charged are unconstitutional and thus facially invalid."

{¶ 5} Appellant argues that the Canfield Township zoning inspector has unfettered discretion in issuing a special-event advertising permit. Appellant contends that Zoning Res. 605.1.7 is facially unconstitutional in that it creates a prior restraint on his First Amendment right to freedom of speech based on the unbridled discretion of a government official. Appellant now contends that the fee charged for the permit also renders the zoning resolutions unconstitutional.

{¶ 6} Legislative enactments enjoy a presumption of constitutionality. *State v. Dorso* (1983), 4 Ohio St.3d 60, 61, 446 N.E.2d 449. Courts must apply "all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional." *Id.* A court should not declare a legislative enactment unconstitutional if there is a rational interpretation that would preserve its constitutionality. *State v. Sinito* (1975), 43 Ohio St.2d 98, 101, 330 N.E.2d 896. Zoning ordinances are presumed constitutional unless a court determines that the

ordinance is "clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community." *Goldberg Cos., Inc. v. Richmond Hts. City Council* (1998), 81 Ohio St.3d 207, 214, 690 N.E.2d 510.

{¶ 7} Signs are a form of speech protected by the First Amendment to the United States Constitution. *Ladue v. Gilleo* (1994), 512 U.S. 43, 48, 114 S.Ct. 2038, 129 L.Ed.2d 36. The United States Supreme Court, however, has noted that because there are certain problems associated with signs, such as causing obstructed views or distracting motorists, a political subdivision may exercise its police powers to regulate the physical characteristics of signs. *Id.* When a sign ordinance is challenged on a First Amendment basis, the first line of inquiry is whether the regulation is content-based, or content-neutral. *Davis v. Green* (1995), 106 Ohio App.3d 223, 227, 665 N.E.2d 753. If a regulation is content-based, then strict scrutiny is applied to determine the constitutionality of the ordinance. *Painesville Bldg. Dept. v. Dworken & Bernstein Co., L.P.A.* (2000), 89 Ohio St.3d 564, 567, 733 N.E.2d 1152. A content-neutral regulation, however, may impose reasonable restrictions on the time, place, or manner of speech as long as the restrictions are justified without reference to the content of the speech, are narrowly tailored to serve a significant governmental interest, and leave open alternative channels for communication of the information. *Ward v. Rock Against Racism* (1989), 491 U.S. 781, 791, 109 S.Ct. 2746, 105 L.Ed.2d 661.

{¶ 8} A township's authority to adopt and enforce zoning resolutions is directly granted to it by the General Assembly through R.C. Chapter 519. *Natl. Lime & Stone Co. v. Blanchard Twp.*, 3d Dist. Nos. 6-04-04 and 6-04-05, 2005-Ohio-5758, 2005 WL 2840493, ¶ 14. R.C. 519.23 criminalizes the use of a building or land in violation of a

township-zoning ordinance. The maximum possible penalty under R.C. 519.23 is $500. See R.C. 519.99. The maximum penalty under the Canfield zoning regulations is a fine of $100 per violation in any 24-hour period. In this appeal, appellant is challenging his conviction on one count of a zoning violation under R.C. 519.23. Appellant entered a plea of guilty to this crime.

{¶ 9} Because a violation of Zoning Res. 605.1.7 constitutes a crime pursuant to R.C. 519.23 and appellant pleaded guilty to the crime, the rules governing guilty pleas apply to this case. A plea of guilty waives all appealable errors at trial unrelated to the entry of the plea. *State v. Kelley* (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph two of the syllabus. "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *United States v. Broce* (1989), 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927. The record here clearly reflects that appellant pleaded guilty to the crime and did not preserve any right to appeal an alleged First Amendment violation.

{¶ 10} Assuming arguendo that appellant had not waived the error he now raises, his argument is still without merit. First, there is no basis to his allegation that the law is facially unconstitutional. A zoning law may be challenged "on its face" or on the particular set of facts to which the law has been applied. *Harold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37, citing *Belden v. Union Cent. Life Ins. Co.* (1944), 143 Ohio St. 329, 28 O.O. 295, 55 N.E.2d 629, paragraph four of the syllabus. When a statute is challenged on its face, the challenger must demonstrate that no set of circumstances exists under which the statute would be valid. *Id.,* citing *United States v. Salerno* (1987), 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697.

The fact that the statute could operate unconstitutionally under some given set of facts or circumstances is insufficient to render it wholly invalid. *Id.* "Conversely, when a statute is challenged as applied, the challenger must establish by clear and convincing evidence an existing set of facts that renders the statute invalid when applied to those facts." *Smith v. Jones*, 175 Ohio App.3d 705, 2007-Ohio-6708, 889 N.E.2d 141, ¶ 14, citing *Harold*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, at ¶ 38.

{¶ 11} Appellant's facial challenge is based on two words that appear in the body of Zoning Res. 605.1.7: "may" and "opinion":

{¶ 12} "Special event advertising devices *may* be considered by the Zoning Inspector. If, in the Zoning Inspector's *opinion*, such advertising devices conform to the regulations found elsewhere in these Zoning Resolutions, the Zoning Inspector *may* issue a special event permit for a period of thirty (30) days prior to an event and conditioned that such advertising devices shall be removed within seven (7) days after the closing of such event. No renewal or extension of the permit shall be allowed. Such advertising devices shall not exceed thirty-two (32) square feet in area, shall be located no closer than five (5) feet to a property or street-line and shall not be permitted in the public right-of-way." (Emphasis added.)

{¶ 13} Appellant contends that Zoning Res. 605.1.7 is facially invalid based on the unfettered discretion given to the zoning inspector to grant or deny the permit request. If the request for a permit "may be considered by the Zoning Inspector," the implication is that it also may not be considered. Appellant contends that the word "may" gives no guidance to the zoning inspector, allowing for arbitrary enforcement.

Appellant also objects to the phrase "in the Zoning Inspector's opinion," interpreting it to mean that obtaining a permit is left solely to the whim of the zoning inspector.

{¶ 14} We do not interpret the zoning resolution in the manner that appellant suggests. The word "may" appearing in a statute or zoning regulation does not necessarily imply any discretion, much less unfettered discretion as argued by appellant. As stated in Black's Law Dictionary (6th Ed.1990) 979, "courts not infrequently construe 'may' as 'shall' or 'must' to the end that justice may not be the slave of grammar." See, e.g., *Gallman v. Mercer Cty. Bd. of Commrs.* (1953), 159 Ohio St. 253, 257, 112 N.E.2d 38. Similarly, the fact that the zoning inspector has to render an "opinion" as to whether the permit request may be granted does not imply unfettered discretion. The inspector is required to evaluate whether the proposed sign satisfies the requirements of the zoning resolutions and thus does need to form an opinion as to whether or not to grant the permit. Even performing a ministerial act often requires some amount of decision making, but that does not convert the decision into unfettered discretion.

{¶ 15} A reading of Zoning Res. Section 605 in its entirety leads to the conclusion that 605.1.7 is included to allow the zoning inspector authority to issue permits for special-event advertising devices, since that authority is not necessarily clear from the remaining zoning resolutions. The terms for obtaining the permit are laid out in the resolution: the special-event signage must be no more than 32 square feet in area, it must not be in a public right-of-way, and it must not be closer than five feet from a property or street line. Zoning Res. 605.1.8 describes other specifications dealing mostly with safety concerns that also factor into whether the permit will be granted. For

example, signs with flashing lights or moving parts are not permitted, presumably because flashing lights and moving parts might distract motorists. Zoning Res. Section 702 also sets out the fee that must be paid to obtain the permit: the amount of $65 for each side of the sign.

{¶ 16} Zoning Res. 605.1.7 states that the zoning inspector must determine whether the special advertising device conforms "to the regulations found elsewhere in these Zoning Resolutions." Hence, the zoning inspector must decide whether the proposed advertising device is permissible based on the factors listed in the zoning regulations, leaving very little, if any, discretion in granting or denying the permit request. Because there is a reasonable and constitutionally valid approach to interpreting and applying the zoning resolution, appellant has failed to establish that the resolution is invalid on its face.

{¶ 17} Appellant further argues that the zoning regulation is a type of prior restraint of protected speech. A prior restraint is present "when speech is conditioned on the prior approval of public officials." *Cincinnati v. Jenkins* (2001), 146 Ohio App.3d 27, 30, 764 N.E.2d 1088. Not all incidental government regulation of speech, though, is subject to a prior-restraint analysis. The United States Supreme Court has not used the prior-restraint doctrine to invalidate general zoning regulations controlling the size or location of billboards and advertising signs. Prior restraint relates to attempts at government censorship, not government restrictions on the placement of advertisement. *Hill v. Colorado* (2000), 530 U.S. 703, 734, 120 S.Ct. 2480, 147 L.Ed.2d 597. Prior-restraint issues arise in cases involving the control of adult entertainment and adult bookstores, the prevention of protests at abortion clinics, or the prohibition by the

government of the publication of sensitive government documents. *Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.* (2004), 541 U.S. 774, 124 S.Ct. 2219, 159 L.Ed.2d 84; *Schenck v. Pro-Choice Network Of W. New York* (1997), 519 U.S. 357, 117 S.Ct. 855, 137 L.Ed.2d 1; *New York Times Co. v. U.S.* (1971), 403 U.S. 713, 91 S.Ct. 2140, 29 L.Ed.2d 822. The issues in these cases are vastly different from those in the instant appeal. There is no government censorship apparent in the application of the Canfield zoning resolutions.

**{¶ 18}** Canfield Township's zoning resolutions do not prevent appellant from advertising or selling cars at his dealership. The zoning regulations merely restrict the size and placement of special-event signs within the township. Whether zoning regulations pertaining to billboards and signs satisfy the strictures of the First Amendment requires only a review as to whether the content-neutral regulation provides reasonable time, place, and manner restrictions. The rules for time, place, and manner restrictions are set forth in *United States v. O'Brien* (1968), 391 U.S. 367, 377, 88 S.Ct. 1673, 20 L.Ed.2d 672. The *O'Brien* test provides that a government regulation is sufficiently justified if (1) it is within the power of the governmental entity, (2) it furthers an important or substantial governmental interest, (3) the governmental interest is unrelated to the suppression of free expression, and (4) the incidental restriction on First Amendment freedoms is no greater than is essential to the furtherance of that interest. *Id.* at 377.

**{¶ 19}** The zoning resolution in this case satisfies the *O'Brien* test. Canfield Township has the authority to enact zoning regulations. The government has an interest in controlling the size and placement of special-event signs for both safety and

aesthetics. The zoning resolution is content-neutral and is not directed at suppressing any particular type of speech. The zoning resolution restricts signs only from being in a public right-of-way, from being larger than 32 square feet, and from being closer than five feet from a property or street line, along with a few other safety restrictions set forth in Zoning Res. 605.1.8.

{¶ 20} As far as appellant's argument about the fee charged for obtaining a special-event permit, there are no indicia that any discretion is involved whatsoever. The fee for the permit is $65. If the sign has more than one side, there is an additional $65 per side. There is no ambiguity about the fee, and appellant's attempt to read ambiguity or discretion into the zoning resolution is unpersuasive.

{¶ 21} In conclusion, we hold that appellant has waived the alleged errors raised on appeal due to his guilty plea to the zoning violations. Even if he had not waived his arguments, his assignment of error is not persuasive. We agree that appellant's advertising sign is a form of speech protected by the First Amendment. The fact that appellant needs to obtain a zoning permit to display his sign, though, is not a First Amendment violation. Appellant's facial challenge of Zoning Res. 605.1.7 fails because there is a constitutionally valid method of interpreting and applying the zoning resolution. A reasonable reading of the resolution indicates that the zoning inspector does not have unfettered discretion in deciding whether to grant a special-event permit. The zoning inspector's function is very limited. He is required to compare the permit application to the factors in the zoning resolution and to grant or deny the permit request accordingly. Appellant's argument regarding prior restraint is misplaced, and the zoning resolutions need only meet the *O'Brien* test for regarding reasonable time, place, and

manner restrictions on protected speech. Zoning Res. 605.1.7 meets the *O'Brien* standard. We overrule appellant's assignment of error, and the judgment of the trial court is affirmed.

Judgment affirmed.

VUKOVICH and DEGENARO, JJ., concur.