The STATE of Ohio, Appellee,

v.

CEPHUS, Appellant.

[Cite as State v. Cephus, 161 Ohio App.3d 385, 2005-Ohio-2752.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20505.

Decided June 3, 2005.

388

Patrick J. Bonfield, Director of Law; Deirdre Logan, Chief Prosecuting Attorney, for appellee.

Pamela L. Pinchot, for appellant.

GRADY, Judge.

{¶ 1} Defendant, Loretta Cephus, appeals from her conviction and sentence for violating city of Dayton ordinances prohibiting unlawful conduct of persons at a city commission meeting, disorderly conduct, and obstructing official business.

{¶ 2} Defendant's convictions result from her conduct at two separate Dayton City Commission meetings held one week apart.

{¶ 3} Defendant regularly attends commission meetings, frequently speaks during the public-comment portion of the meeting, and is often critical of the mayor and the city commission. On August 27, 2003, defendant registered to

speak during the public-comment portion of the commission meeting. Each speaker is allowed three minutes to address the commission and is instructed accordingly.

{¶ 4} Defendant spoke for her allotted three minutes but then refused to stop speaking after her three minutes expired. The clerk of the commission asked defendant three or four times to stop speaking and to leave the podium and return to her seat. Defendant later returned to the podium while another person, Larry Ealy, was addressing the commission. Defendant left the podium only after being asked to do so by Mayor McLin. Defendant then walked to the rear of the commission chambers where she and Ealy began yelling. Police escorted defendant out of the commission chambers to restore order to the meeting.

{¶ 5} As a result of these events, a complaint was filed in Dayton Municipal Court, case No. 03CRB9622, charging defendant with violations of Dayton Revised Code of General Ordinances ("RCGO") 30.06(A)(3), unlawful conduct of persons at a city commission meeting, and RCGO 137.01(A)(2), disorderly conduct.

{¶ 6} One week later, on September 3, 2003, defendant again appeared at a commission meeting and registered to address the commission during the public-comment portion of the meeting. Once again, defendant spoke for her allotted three minutes but refused to stop speaking after her time expired. The clerk of the commission asked her several times to stop speaking and return to her seat. Defendant later returned to the podium while Larry Ealy was addressing the commission, and this time she refused to leave the podium when asked to do so by Mayor McLin, who then ruled defendant out of order. After Ealy was also ruled out of order for using derogatory language, defendant and Ealy began yelling, which forced Mayor McLin to briefly recess the meeting. Defendant was removed from the commission chambers by police in order to restore order to the meeting.

{¶ 7} As a result of these events, a second complaint was filed in Dayton Municipal Court, case No. 03CRB9653, charging defendant with violations of RCGO 131.02(A), obstructing official business, RCGO 137.01(A)(2), disorderly conduct, and RCGO 30.06(A)(3), unlawful conduct at a city commission meeting.

{¶ 8} Defendant's two pending cases were consolidated for trial. Defendant filed a motion in limine asking the trial court to prohibit the prosecution from introducing evidence of her prior conduct, in accordance with Evid.R. 404(B). Defendant also filed a motion to dismiss the charges, arguing that the ordinances at issue are unconstitutionally overbroad because they infringe upon protected

free speech in violation of the First and Fourteenth Amendments to the United States Constitution.

{¶ 9} The trial court overruled defendant's motions. Following a jury trial, defendant was found guilty of all charges. The trial court sentenced defendant according to law to various jail terms and fines, portions or all of which were suspended, and placed defendant on four years of probation with conditions.

{¶ 10} Defendant timely appealed to this court from her convictions and sentences.

## FIRST ASSIGNMENT OF ERROR

{¶ 11} "Section 30.06(A)(3) of the Revised Code General Ordinances of the city of Dayton, entitled Conduct of Persons at Commission Meetings (hereinafter R.C.G.O. 30.06(A)(3)) is unconstitutionally vague and it also violates the appellant's right to freedom of speech as guaranteed by the First Amendment to the United States Constitution because it is unconstitutionally overbroad."

{¶ 12} RCGO 30.06(A)(3) provides that no person in attendance at a commission meeting shall "[b]ecome boisterous or perform any act, either individually or in concert with another person or persons, which interferes with the good order and decorum of the Commission."

{¶ 13} When a constitutional challenge is made to a statute, the challenger must overcome a strong presumption that the statute is constitutional. *State v. Warner* (1990), 55 Ohio St.3d 31, 43, 564 N.E.2d 18. Moreover, when constitutional issues are raised, the court will liberally construe a statute to save it from any constitutional infirmities. *State v. Sinito* (1975), 43 Ohio St.2d 98, 101, 72 O.O.2d 54, 330 N.E.2d 896.

{¶ 14} To survive a void-for-vagueness challenge, a statute must be written so that a person of common intelligence is able to determine what conduct is prohibited and the statute must provide standards sufficient to prevent arbitrary and discriminatory enforcement by those charged with enforcing the law. *Coates v. Cincinnati* (1971), 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214; *Grayned v. Rockford* (1972), 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222; *State v. Williams* (2000), 88 Ohio St.3d 513, 728 N.E.2d 342. However, legislation will not be declared vague merely because it could have been worded more exactly. Mathematical precision in drafting statutes is not required. *Williams,* supra.

{¶ 15} Three values are protected by the void-for-vagueness doctrine. "These values are first, to provide for fair warning to the ordinary citizen so behavior may comport with the dictates of the statute; second, to preclude arbitrary, capricious and generally discriminatory enforcement by officials given

too much authority and too few constraints; and third, to ensure that fundamental constitutionally protected freedoms are not unreasonably impinged or inhibited. Proper constitutional analysis necessitates a review of each of these rationales with respect to the challenged statutory language." *State v. Collier* (1991), 62 Ohio St.3d 267, 270, 581 N.E.2d 552, citing *State v. Tanner* (1984), 15 Ohio St.3d 1, 3, 15 OBR 1, 472 N.E.2d 689.

{¶ 16} Applying these standards to RCGO 30.06(A)(3), we find that ordinance is not void for vagueness. Webster's II New Riverside University Dictionary defines "boisterous" as loud, noisy, unrestrained, undisciplined, rough and stormy, violent. We do not agree with defendant's assertion that persons of ordinary intelligence cannot recognize when their behavior becomes "boisterous." That term is not confusing, given its common usage. RCGO 30.06(A)(3) simply prohibits persons who attend commission meetings from becoming loud or engaging in any other conduct that disrupts the orderly conduct of the meeting.

{¶ 17} The purpose of the ordinance is to prohibit conduct that would disrupt the city commission meetings. To that end, public speakers at the commission meetings are required to sign a form that provides notice of the rules of conduct, and speakers are given additional verbal instructions regarding the time limits before they speak. Defendant, as a frequent speaker at commission meetings, was well acquainted with these rules. Persons of ordinary intelligence would understand what conduct is prohibited by RCGO 30.06(A)(3), and the ordinance is therefore not vague.

{¶ 18} Because RCGO 30.06(A)(3) is not impermissibly vague, it does not confer standardless discretion on officials charged with its enforcement. The ordinance is enforced to maintain order during city commission meetings, and changes are brought only after speakers fail to heed warnings by the mayor, commissioners, or the clerk of the commission to adjust their behavior. Defendant has a history of being warned about her conduct at city commission meetings, and she was repeatedly warned during the meetings at issue in this case. No arbitrary, capricious, or discriminatory enforcement of the ordinance has been shown.

{¶ 19} Finally, we note that RCGO 30.06(A)(3) does not violate defendant's First Amendment free-speech rights and is not unconstitutionally overbroad. A clear and precise statute may be overbroad if it prohibits constitutionally protected activity, such as freedom of expression. *Grayned,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222; *State v. Phipps* (1979), 58 Ohio St.2d 271, 12 O.O.3d 273, 389 N.E.2d 1128. While restrictions on the content of speech can be justified only by a compelling state interest, defendant concedes that in a limited public forum such as commission meetings, *Dayton v. Esrati* (1997), 125 Ohio App.3d 60,

707 N.E.2d 1140, content-neutral time, place, and manner restrictions on communication are permissible so long as they are narrowly tailored to serve a significant government interest. *Perry Edn. Assn. v. Perry Local Educators' Assn.* (1983), 460 U.S. 37, 103 S.Ct. 948, 74 L.Ed.2d 794. The significant government interest at issue here is the ability of Dayton City Commission officials to conduct official business in an orderly manner without interference or disruption. *Dayton v. Van Hoose* (Dec. 8, 2000), Montgomery App. No. 18053, 2000 WL 1803867.

{¶ 20} RCGO 30.06(A)(3) does not restrict the content of speech, the viewpoints that may be expressed, or even the topics that may be discussed. The restrictions imposed by RCGO 30.06(A)(3) are time, place, and manner restrictions that are not related to the content of speech, and they are thus content-neutral. *United Auto Workers, Local Union 1112 v. Philomena* (1998), 121 Ohio App.3d 760, 700 N.E.2d 936. RCGO 30.06(A)(3) regulates a person's conduct at city commission meetings in order to prevent a disruption of those meetings. It does not regulate the content of what people say. Defendant's convictions are not based upon the content of her speech but upon her conduct at the city commission meetings: her refusal to abide by the rules of conduct for public speakers and her loud outbursts, which disrupted and interfered with the commission meetings. RCGO 30.06(A)(3) does not violate the First Amendment and is not unconstitutionally overbroad.

{¶ 21} The first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

{¶ 22} "The trial court erred to the prejudice of the appellant in admitting evidence of appellant's prior bad acts to prove the character of the appellant in order to prove action in conformity therewith in violation of Rule of Evidence 404(B)."

{¶ 23} Defendant argues that the trial court erred by admitting, over her objection, evidence concerning her conduct on previous occasions when she had become boisterous and had exceeded the time limits while speaking at meetings of the commission and the Dayton Board of Education. Defendant contends that this evidence of her prior acts was presented by the state to prove her character in order to show that she acted in conformity with that bad character in committing these offenses, in violation of Evid.R. 404(B).

{¶ 24} The trial court has broad discretion with respect to the admission or exclusion of evidence, and its decision in such matters will not be disturbed by a reviewing court absent an abuse of discretion that has caused material prejudice. *State v. Noling,* 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88. An abuse of

discretion means more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the court. *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 25} Evid.R. 404(B) provides:

{¶ 26} "Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

{¶ 27} Defendant was charged with obstructing official business in violation of RCGO 131.02, which states:

{¶ 28} "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any unauthorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

{¶ 29} The state was required to prove beyond a reasonable doubt that defendant had a *purpose* to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity when she acted as she did. A person acts purposely when it is her specific intention to cause a certain result. R.C. 2901.22(A). Thus, one of the "other purposes" set forth in Evid.R. 404(B), intent, was not only relevant and an issue in this case, but evidence of intent was required to prove the charged offense. Under those circumstances, evidence of prior acts relevant to prove defendant's intent is admissible per Evid.R. 404(B), notwithstanding that the same evidence might prove other uncharged offenses.

{¶ 30} The state argues, and we agree, that evidence of defendant's conduct on previous occasions when speaking before the commission and Board of Education, including her behavior in becoming boisterous and refusing to abide by the time limits for public speakers, was admissible to prove that she had a purpose or intent to delay, obstruct, or disrupt the mayor and city commissioners in the performance of their official duties in conducting city commission meetings. No abuse of discretion on the part of the trial court in admitting this evidence has been shown.

{¶ 31} The second assignment of error is overruled.

### THIRD ASSIGNMENT OF ERROR

{¶ 32} "The trial court wrongfully convicted the appellant of two (2) criminal offenses for her conduct on August 27, 2003: namely one (1) count of conduct at a

commission meeting, in violation of R.C.G.O. Section 30.06(3), and one (1) count of disorderly conduct, in violation of R.C.G.O. Section 137.01(A)(2); and the trial court wrongfully convicted the appellant of three (3) criminal offenses for her conduct on September 3, 2003 namely: one (1) count of obstructing official business, in violation of R.C.G.O. Section 131.02(A), one (1) count of conduct at a commission meeting, in violation of R.C.G.O. Section 30.06(3), and, one (1) count of disorderly conduct, in violation of R.C.G.O. Section 137.01(A)(2); when all such offenses were allied offenses of similar import, in violation of Section 2941.25(A) of the Ohio Revised Code."

{¶ 33} Defendant argues that as a result of her conduct at the city commission meeting on August 27, 2003, she should not have been convicted and sentenced for two offenses: unlawful conduct of persons at a commission meeting, RCGO 30.06(A)(3), and disorderly conduct, RCGO 137.01(A)(2). Defendant further argues that as a result of her conduct at the September 3, 2003 commission meeting, she should not have been convicted and sentenced for three offenses: obstructing official business, RCGO 131.02(A), unlawful conduct of persons at a commission meeting, RCGO 30.06(A)(3), and disorderly conduct, RCGO 137.01(A)(2). Defendant contends that all of these offenses are allied offenses of similar import, and thus her conviction on all of them is prohibited by R.C. 2941.25.

{¶ 34} At the outset, we note that defendant failed to raise any objection in the trial court based upon allied offenses of similar import. Her failure to object constitutes a waiver of that issue on appeal, absent plain error. *State v. Denham*, Greene App. No. 2001CA105, 2002-Ohio-3912, 2002 WL 1769798. Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been different. *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804.

{¶ 35} If these offenses are allied offenses of similar import, as defendant alleges, then she could not lawfully be convicted and sentenced for all of them, per R.C. 2941.25, and accordingly her sentence in this case would be substantially reduced. Therefore, if defendant was convicted and sentenced for allied offenses of similar import, the trial court committed plain error. *Denham*, supra. Accordingly, we must determine whether defendant's convictions are barred by R.C. 2941.25. Id.

{¶ 36} R.C. 2941.25 provides:

{¶ 37} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 38} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 39} In determining whether two or more offenses constitute allied offenses of similar import, a two-step test is employed. In the first step, the statutorily defined elements of the crimes are compared in the abstract, without reference to the facts of the case. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import, and the court must then proceed to the second step.

{¶ 40} In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both crimes. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699; *State v. Blankenship* (1988), 38 Ohio St.3d 116, 526 N.E.2d 816; *State v. Denham,* supra.

{¶ 41} RCGO 137.01(A)(2), the disorderly-conduct ordinance, provides: "No person shall recklessly cause inconvenience, annoyance, or alarm to another, by making unreasonable noise or offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person."

{¶ 42} RCGO 30.06(A)(3), the ordinance that prohibits unlawful conduct of persons at a commission meeting, provides: "No person in attendance at a Commission meeting shall become boisterous or perform any act, either individually or in concert with another person or persons, which interferes with the good order and decorum of the Commission."

{¶ 43} RCGO 131.02(A), obstructing official business, provides: "No person without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties."

{¶ 44} Defendant argues that the commission of one of these offenses results in the commission of the others. We disagree. A comparison of the elements of the offenses reveals that the offenses are not the same. Unlawful conduct of persons at a commission meeting regulates only the conduct of persons while in attendance at a city commission meeting. The same is not true of disorderly conduct or obstructing official business. Further, disorderly conduct requires the offender to act in a reckless manner, whereas unlawful conduct of

persons at a commission meeting and obstructing official business do not require recklessness.

{¶ 45} Obstructing official business requires that the offender have a purpose or specific intent to obstruct or delay the performance by a public official of one of his official duties. Unlawful conduct of persons at a commission meeting and disorderly conduct do not require any such specific purpose or intent. Accordingly, the statutorily defined elements of these offenses differ such that commission of one offense does not result in commission of the others. Therefore, the offenses are dissimilar, and defendant may be convicted of and sentenced for all of them.

{¶ 46} The third assignment of error is overruled.

## FOURTH ASSIGNMENT OF ERROR

{¶ 47} "The trial court erred when it overruled appellant's Criminal Rule 29 motion for acquittal because the evidence presented by the state was insufficient to support her conviction of obstruction of official business."

{¶ 48} At the close of the state's case and again at the close of all the evidence, defendant made a general Crim.R. 29 motion for acquittal, without any supporting argument. The trial court overruled both motions. Defendant argues that the evidence is legally insufficient to support her conviction for obstructing official business. That conviction is a result of defendant's conduct at the September 3, 2003 commission meeting.

{¶ 49} When considering a Crim.R. 29 motion for acquittal, the trial court must construe the evidence in a light most favorable to the state and determine whether reasonable minds could reach different conclusions on whether the evidence proves each element of the offense charged beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184. The motion will be granted when reasonable minds could only conclude that the evidence fails to prove all of the elements of the offense. *State v. Miley* (1996), 114 Ohio App.3d 738, 684 N.E.2d 102.

{¶ 50} A Crim.R. 29 motion challenges the legal sufficiency of the evidence. A sufficiency-of-the-evidence argument challenges whether the state has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492:

{¶ 51} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶ 52} Defendant argues that there is no evidence demonstrating that Dayton Commissioners were hampered or impeded in the performance of their official duties by her conduct, one of the essential elements of an obstructing-official-business charge. We disagree.

{¶ 53} The videotape of the September 3, 2003 commission meeting clearly shows that defendant's actions disrupted and interfered with the commission's ability to conduct its meeting in an orderly fashion. Defendant refused to stop speaking and leave the podium after her allotted time had expired. During another speaker's presentation, she returned to the podium and refused to leave when asked to do so. Defendant argued with Mayor McLin before being ruled out of order. Even after being escorted away from the podium by police, defendant continued to yell and make comments to the commissioners from the back of the commission chambers. Mayor McLin was forced to recess the commission meeting until order could be restored. In addition, the Clerk of the Commission, Clarence Williams, testified at trial that defendant's actions disrupted the orderly operation of the commission meeting. Mayor McLin also testified that defendant's actions were disruptive and affected the commission meeting.

{¶ 54} This evidence is sufficient to permit a reasonable inference that defendant's actions hampered or impeded a public official in the performance of their official duties. Viewing all of the evidence in a light most favorable to the state, as we must, a rational trier of facts could find all of the essential elements of obstructing official business proven beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence.

{¶ 55} The fourth assignment of error is overruled. The judgment of the trial court will be affirmed.

Judgment affirmed.

WOLFF and YOUNG, JJ., concur.

FREDERICK N. YOUNG, J., retired from the Court of Appeals, Second District, sitting by assignment.