OPINION
{¶ 1} Larry E. Ealy appeals pro se from the trial court's entry of summary judgment against him on his complaint against appellees Dayton Mayor Rhine McLin and the City of Dayton and on the appellees' counterclaim alleging that he is a vexatious *Page 2 
litigator.
 {¶ 2} Although Ealy's brief fails to set forth proper assignments of error, the thrust of his argument is that the trial court erred in designating him a vexatious litigator under R.C. § 2323.52.
 {¶ 3} Ealy filed the present lawsuit against the appellees on August 15, 2005, alleging a violation of his constitutional rights and seeking damages of $1,000,000. The complaint alleged that Mayor McLin had violated Ealy's rights by ruling him out of order for speaking longer than the permitted three minutes during the public-comment portion of a Dayton City Commission meeting.
 {¶ 4} The appellees responded to the complaint by filing a counterclaim alleging that Ealy is a vexatious litigator under R.C. § 2323.52 and seeking an order prohibiting him from instituting or continuing legal proceedings without leave of court.
 {¶ 5} The appellees later moved for summary judgment on Ealy's complaint and their counterclaim. Accompanying the motion was an affidavit from Clarence Williams, who served as clerk of the Dayton City Commission. With regard to Ealy's allegation of a constitutional violation, Williams averred as follows:
 {¶ 6} "4. The Dayton Commission conducts its official business at public meetings on a weekly basis. The Commission's official business includes, but is not limited to, the enactment of ordinances and resolutions and the approval and award of government contracts. It is the Dayton Mayor's duty, with the assistance of the Clerk of the Commission, to run the Commission [m]eetings and see that meetings are conducted in an orderly manner without interference or disruption. The public meetings also have a public-comment portion where members of the public are allowed to register *Page 3 
to speak and are allowed to address the City Commission for up to three minutes.
 {¶ 7} "5. Each speaker signs a sheet to register to speak and is notified of the time limit. The purpose of the registration and time limit is to allow the Dayton Commission to conduct official business in an orderly manner without undue interference or disruption.
 {¶ 8} "6. On August 13, 2003, the Plaintiff, Larry E. Ealy, spoke during the public-comment portion of the Dayton Commission Meeting. Prior to speaking he signed the registration sheet and was informed that he had only three minutes to speak.
 {¶ 9} "7. Mr. Ealy went over his three minutes and was asked several times to finish speaking. Mr. Ealy refused to do so and argued with Mayor McLin. Mayor McLin then ruled Mr. Ealy out of order for exceeding his time limit and disrupting the Dayton Commission Meeting."
 {¶ 10} To support their allegation that Ealy was a vexatious litigator, the appellees' motion included certified copies of court records in four other recent cases he had filed. In the first case,Larry E. Ealy v. Rhine McLin, Montgomery C.P. No. 05-CV-2034, Ealy sought damages of $3,000,000 based on Mayor McLin allegedly violating his constitutional rights by ruling him out of order for using a racially derogatory term and exceeding his speaking time during another City Commission meeting. The trial court dismissed the case for failure to prosecute, and we dismissed Ealy's appeal for failure to file a brief.
 {¶ 11} In the second case, Larry E. Ealy v. Judge John S.Pickrel, Montgomery C.P. No. 05-CV-2605, Ealy sought damages of $2,700,000 based on Judge Pickrel violating his constitutional rights when presiding over a trial at which he was convicted *Page 4 
and sentenced for disorderly conduct. Ealy voluntarily dismissed his complaint one month later.
 {¶ 12} In the third case, Larry E. Ealy v. Jerry D. Schwartz, Montgomery C.P. No. 05-CV-2792, Ealy filed successive complaints against city and county employees alleging, among other things, a conspiracy to bring false domestic violence charges against him. The complaints sought damages ranging from $40,000 to $1,500,000. The trial court dismissed the lawsuit for failure to prosecute, and we dismissed Ealy's appeal for lack of prosecution.
 {¶ 13} In the fourth case, Larry E. Ealy v. Judge James F.Cannon, Ealy filed an original action in the Ohio Supreme Court seeking a writ of mandamus directing the respondent to dismiss criminal charges against him and to recall an arrest warrant. The Ohio Supreme Court summarily dismissed the action.
 {¶ 14} Relying on the affidavit from Clarence Williams and court records from the foregoing cases, the appellees argued: (1) Mayor McLin's act of ruling Ealy out of order did not violate his constitutional rights, (2) Mayor McLin enjoyed absolute immunity when performing her official functions during the Dayton City Commission meeting, (3) Ealy could not establish that the City of Dayton had a policy, practice, or custom that was the moving force behind the non-existent violation of his constitutional rights, and (4) Ealy's "perpetual filing of baseless lawsuits and failure to prosecute them" constituted vexatious litigation prohibited by R.C. § 2323.52.
 {¶ 15} Ealy countered the summary judgment motion with a largely non-responsive "Answer" in which he insisted, inter alia, that Mayor McLin had violated his First Amendment rights by denying him an opportunity to finish speaking to the Dayton *Page 5 
City Commissioners. Ealy also increased his damages request to $2,000,000. Ealy's response to the summary judgment motion lacked any evidentiary materials.
 {¶ 16} On December 5, 2006, the trial court entered summary judgment against Ealy on his complaint and on the counterclaim filed by Mayor McLin and the City of Dayton. Relying on our opinion in State v.Cephus, 161 Ohio App.3d 385, 2005-Ohio-2752, the trial court held that the three-minute time limit imposed on Ealy did not violate his First Amendment rights. The trial court also held that Mayor McLin enjoyed absolute immunity for her actions during the meeting. Finally, the trial court found no grounds for municipal liability on the non-existent constitutional claim.
 {¶ 17} With regard to the appellees' counterclaim, the trial court found that Ealy had engaged in "vexatious conduct" under R.C. § 2323.52. The trial court also found that he met the statute's definition of a "vexatious litigator." As a result, the trial court entered an order prohibiting Ealy from instituting or maintaining legal proceedings in a court of claims, court of common pleas, municipal court, or county court without obtaining leave to proceed as set forth in the statute.
 {¶ 18} On appeal, Ealy makes repeated assertions of gross misconduct by local police, prosecutors, attorneys, judges, and other officials. This misconduct, which Ealy believes is part of a scheme to deprive him of his constitutional rights, includes alleged acts of brutality, conspiracy, malicious prosecution, lying, harassment, racial discrimination, intimidation, fraud, and destruction of evidence. Nowhere in his brief, however, does Ealy address the legal basis for the trial court's entry of summary judgment against him on his complaint alleging that Mayor McLin violated his constitutional rights. In any event, we find no error in that aspect of the trial court's *Page 6 
summary judgment ruling. The three-minute limit on public comments during Dayton City Commission meetings is a valid, content-neutral, time, place, and manner restriction that is narrowly tailored to serve a significant government interest. Cephus, 161 Ohio App.3d at 392-393. Thus, the trial court correctly determined, as a matter of law, that Mayor McLin did not violate Ealy's constitutional rights by ruling him out of order for exceeding the three-minute limit. This conclusion alone entitled the appellees to summary judgment on Ealy's complaint.
 {¶ 19} We also find no error in the trial court's entry of summary judgment on the appellees' counterclaim. Under R.C. § 2323.52(A)(2), "vexatious conduct" is defined as conduct that does any of the following:
 {¶ 20} "(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action;
 {¶ 21} "(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
 {¶ 22} "(c) The conduct is imposed solely for delay."
 {¶ 23} Under R.C. § 2323.52(A)(3), a "vexatious litigator" includes "any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions."
 {¶ 24} In entering summary judgment on the vexatious-litigator counterclaim, the *Page 7 
trial court reasoned in part:
 {¶ 25} "Here, Plaintiffs actions in filing this instant lawsuit, as well as his filing of the four other pro se in forma pauperis lawsuits against the City of Dayton and its employees and officials within a six-month period are not warranted by existing law and cannot be supported by a good faith argument for an extension or reversal of existing law. Moreover, such unwarranted conduct over such a short period of time is habitual and persistent. In addition, Plaintiff's failure to prosecute the actions establishes that the suits serve merely to harass and are imposed solely for delay. Further, Plaintiffs response to Dayton's Counterclaim in the instant matter serves merely to make unfounded and scandalous comments about the conduct of public officials, which are irrelevant to the subject matter and serve merely to harass or maliciously injure those against whom they are made. Plaintiff's civil lawsuits are an improper attempt to use the civil system to avoid criminal prosecution."
 {¶ 26} Upon review, the record supports the trial court's determination that Ealy has engaged in vexatious conduct as a matter of law. At a minimum, Ealy's prior lawsuit against Mayor McLin seeking $3,000,000 in damages for being ruled out of order during a meeting lacked any possible legal basis. Likewise, his suit for damages of $2,700,000 based on Judge Pickrel violating his constitutional rights when presiding over a criminal trial lacked any basis in law. We reach the same conclusion with regard to Ealy's filing of successive complaints against city and county employees alleging, among other things, a conspiracy to bring false charges against him. As noted above, the trial court dismissed the lawsuit for failure to prosecute, and we dismissed Ealy's appeal for lack of prosecution. Ealy's original action, which sought the dismissal of criminal charges *Page 8 
against him and the recall of a warrant, was equally frivolous and was summarily rejected.
 {¶ 27} Finally, Ealy's present lawsuit reveals the vexatious nature of his filings and further supports the trial court's ruling. Ealy commenced this action against Mayor McLin and the City of Dayton on August 15, 2005, alleging a violation of his constitutional rights based on his being ruled out of order for exceeding the three-minute speaking limit during a Dayton City Commission meeting. Ealy asserted this claim despite our ruling two months earlier that the time limit was constitutional. See Cephus, 161 Ohio App.3d at 392-393.
 {¶ 28} Having reviewed the record, we find no genuine issue of material fact as to whether Ealy habitually, persistently, and without reasonable grounds has engaged in vexatious conduct in several civil actions. The certified copies of court records provided by the appellees supported the trial court's summary judgment ruling, and Ealy presented no evidence to the contrary. Accordingly, we affirm the judgment of the Montgomery County Common Pleas Court.
 WOLFF, P.J., and GRADY, J., concur. *Page 1