OPINION
{¶ 1} Defendant, Walter Bradley, appeals from his conviction and sentence for receiving stolen property.
 {¶ 2} After breaking into several cars at an apartment complex in Fairborn, Ohio, where he and his mother lived, and stealing various items of property, Defendant was indicted on one count of receiving stolen property, R.C. 2913.51(A), and one count of possession of criminal tools, R.C. 2923.24(A). These offenses are fifth degree felonies which carry potential prison terms of six to twelve months. R.C. 2929.14(A)(5).
 {¶ 3} Pursuant to a plea agreement, Defendant entered a plea of guilty to the receiving stolen property charge. In exchange, the State dismissed the criminal tools charge and recommended community control sanctions. The trial court sentenced Defendant to eleven months in prison and ordered him to pay restitution.
 {¶ 4} Defendant has timely appealed to this court. He challenges only his sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "The trial court erred in not sentencing defendant-appellant to community control."
 {¶ 6} Defendant argues, citing R.C. 2929.13(B)(2)(a), that because the trial court did not make a finding that any of the factors set forth in R.C. 2929.13(B)(1)(a)-(i) apply in this case, the court was not authorized to impose a prison term for this fifth degree felony offense. We disagree. We have previously considered and rejected this same argument. State v. Foster (Dec. 6, 2002), Montgomery App. No. 19197;State v. Brock (Dec. 27, 2002), Montgomery App. No. 19291.
 {¶ 7} R.C. 2929.13(B)(2)(a) mandates a prison term for a felony of the fourth or fifth decree when the court makes all three findings contemplated by that section; that one or more of the factors in R.C.2929.13(B)(1)(a)-(i) apply to the offender, that a prison term is consistent with the purposes and principles of sentencing set out in R.C. 2929.11, and that the offender is not amenable to a community control sanction.
 {¶ 8} Alternatively, R.C. 2929.13(B)(2)(b) mandates community control sanctions for felonies of the fourth and fifth degree when the court makes both findings contemplated by that section; that none of the factors in R.C. 2929.13(B)(1)(a)-(i) apply to the offender, and that a community control sanction is consistent with the purposes and principles of sentencing set out in R.C. 2929.11.
 {¶ 9} Nevertheless, it is within the trial court's broad discretion in deciding the most effective way to comply with the purposes and principles of sentencing per R.C. 2929.12(A) to impose a term of imprisonment for a fourth or fifth degree felony, even though the court does not find that any of the factors in R.C. 2929.13(B)(1)(a)-(i) which favor imprisonment apply, provided that the court makes the other two findings in R.C. 2929.13(B)(2)(a) that favor imprisonment. State v.Cochran (June 1, 2001), Montgomery App. No. 18424; Foster, supra; Brock,supra. That is the case here.
 {¶ 10} The trial court stated on the record at the sentencing hearing that it had reviewed the presentence investigation report, considered the purposes and principles of sentencing, and had balanced the seriousness and recidivism factors in R.C. 2929.12.
 {¶ 11} The court noted that Defendant vandalized the property of multiple victims, that he has a prior criminal history, albeit not significant, that he has a problem with drugs and his past efforts at treatment have not been sincere or successful, that Defendant tested positive for drugs just one month after entering his guilty plea in this case, and that his continued use of drugs gives rise to a tremendous likelihood of recidivism.
 {¶ 12} The court stated that while it did not find that any of the factors in R.C. 2929.13(B)(1) apply in this case, it did find that prison is consistent with the purposes and principles of sentencing and that Defendant is not amendable to community control sanctions.
 {¶ 13} The trial court was authorized to impose a prison term for Defendant's fifth degree felony offense even though it found that none of the factors in R.C. 2929.13(B)(1)(a)-(i) apply to Defendant. Furthermore, having not found any of the R.C. 2929.13(B)(1) factors present, the trial court was not required to give reasons as contemplated by R.C. 2929.19(B)(2)(a). Foster, supra.
 {¶ 14} The first assignment is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 15} "The trial court erred in not imposing the shortest term of imprisonment."
 {¶ 16} Pursuant to R.C. 2929.14(B), when a trial court imposes a prison term for a felony it must impose the shortest prison term authorized for the offense unless (1) it finds that the offender was serving a prison term at the time of the offense or had previously served a prison term, or (2) it finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender.
 {¶ 17} Defendant concedes in his appellate brief, and a review of the record confirms, that the trial court clearly stated on the record at the sentencing hearing both of the findings in R.C. 2929.14(B)(2), employing terms used in the statute.
 {¶ 18} Nevertheless, Defendant complains that the court failed to state its reasons for those findings. This argument lacks merit.
 {¶ 19} If a trial court makes one or both of the findings in R.C.2929.14(B)(2) in order to impose a greater than minimum sentence, the court is not required to give its reasons for those findings. State v.Edmonson (1999), 86 Ohio St.3d 324.
 {¶ 20} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. And Donovan, J., concur.