OPINION
{¶ 1} Roger Allen Bond appeals from his conviction and sentence following a guilty plea to one count of felonious assault.
 {¶ 2} Bond advances two assignments of error on appeal. First, he contends that he received ineffective assistance of trial counsel. Second, he claims the trial court abused its discretion in sentencing him to five years in prison.
 {¶ 3} The record reflects that Bond was indicted on charges of rape and abduction. The State later nolled these charges in exchange for his guilty plea to one count of felonious assault. Following a presentence investigation, the matter proceeded to a sentencing hearing. After considering statements from defense counsel, Bond, and the female victim, the trial court made the following remarks:
 {¶ 4} "Mr. Bond, the court notes that although this is your first felony conviction, the offense was extremely violent in nature. You even indicated that you went temporarily insane at the time of your beating [of] the victim.
 {¶ 5} "You do have a substance abuse problem. But you have had ample time and ample opportunity to address that and haven't.
 {¶ 6} "I would note for the record that the victim was found with a swollen left eye and nose, had been assaulted physically and sexually while [the defendant was] beating and choking her, telling her, you know, `I'm going to prison tonight for something real and you're going to the grave.' You harmed the victim.
 {¶ 7} "The situation here is probably one of the most contemptuous I have read as far as your actions toward someone you knew." (Transcript at 16-17).
 {¶ 8} After making the foregoing comments, the trial court proceeded to sentence Bond to a mid-range term of five years in prison. In so doing, the trial court first noted that a prison sentence was presumed necessary. It then found that the minimum term would demean the seriousness of the offense and would not adequately protect the public. This timely appeal followed.
 {¶ 9} In his first assignment of error, Bond contends he received ineffective assistance of trial counsel. Although he alleges that his attorney made many unspecified errors, the crux of his claim is that defense counsel falsely assured him he would receive community control or a minimum term of incarceration.
 {¶ 10} Upon review, we conclude that the appellate record fails to portray ineffective assistance of counsel. Bond himself concedes that "none of the errors asserted by Appellant appear in the record." It is well settled, however, that when an alleged error requires the presentation of evidence outside the record, it must be raised in a petition for post-conviction relief rather than on direct appeal. Statev. Cooperrider (1983), 4 Ohio St.3d 226, 228-229. Accordingly, we overrule Bond's first assignment of error.
 {¶ 11} In his second assignment of error, Bond contends the trial court abused its discretion in sentencing him to five years in prison. He argues that his sentence is "excessive" because "the record is basically devoid of any indication that the court considered any mitigating factors." Bond then asserts that several mitigating factors exist: (1) he never had been adjudicated a delinquent child, (2) he never had been convicted of a criminal offense, (3) he had led a law-abiding life for a number of years, (4) the offense was committed under circumstances unlikely to recur because he no longer has a relationship with the victim, and (5) he showed genuine remorse for the offense. Bond asserts that the existence of these factors renders any sentence greater than community control or a minimum term of incarceration an abuse of discretion.
 {¶ 12} Upon review, we find Bond's argument to be without merit. The permissible sentencing range for a second-degree felony is a prison term of two to eight years in prison. Bond received a mid-range sentence of five years. When a court imposes a sentence for a felony on an offender who previously has not served a prison term, it must impose the shortest term authorized for the offense unless it finds, on the record, that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender. R.C. § 2929.14(B). The trial court is not required to give its reasons for these findings, but the record must show a factual basis for them. State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110; State v.Williamitis, Montgomery App. No. 20508, 2004-Ohio-6234.
 {¶ 13} In the present case, the trial court expressly found that "the minimum [sentence] would demean the seriousness of this offense and would not adequately protect the public." This finding is sufficient to satisfy the requirement of R.C. § 2929.14(B). Moreover, the trial court's other remarks, quoted above, demonstrate the existence of a factual basis for its finding. In our view, the record fully supports the trial court's determination that a five-year sentence was warranted. The defendant beat and sexually assaulted the female victim, with whom he was acquainted. The State permitted him to plead guilty to felonious assault rather than prosecuting him for rape and abduction because the victim did not wish to see him classified as a sexual offender.
 {¶ 14} As for Bond's claim that certain mitigating facts warrant the imposition of a more lenient sentence, this argument is nothing more than a claim that his sentence is too harsh or, as he says, "excessive." As we recently explained in State v. Kelly, Greene App. No. 2004-CA-20, 2005-Ohio-305, however, an abuse-of-discretion claim such as the one Bond advances herein is not cognizable on appeal. Id. at ¶ 31 (recognizing that "an appellate court lacks jurisdiction to consider a claim that a defendant's sentence is excessive because certain facts militate against it"). Bond's second assignment of error is overruled, and the trial court's judgment is affirmed.
 {¶ 15} Judgment affirmed.
Fain, J., and Young, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).