OPINION
{¶ 1} Defendant, Christopher Lockett, entered pleas of guilty to possession of crack cocaine (less than one gram) in violation of R.C. 2925.11(A), a fifth degree felony, and carrying concealed weapons in violation of R.C. 2923.12(A), a fourth degree felony, pursuant to a plea agreement. In exchange, the State dismissed a charge of felonious assault in violation of R.C. 2903.11(A)(2). The trial court sentenced Defendant to consecutive prison terms of eight months for possession of crack cocaine and twelve months for carrying concealed weapons, for a total of twenty months.
 {¶ 2} Defendant timely appealed to this court. He challenges only his sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 3} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A PRISON TERM."
 {¶ 4} Defendant argues that the trial court was not authorized to impose a prison term for these fourth and fifth degree felony offenses because none of the factors in R.C. 2929.13(B)(1)(a)-(i) apply to him. Those factors guide the court's discretion in selecting the length of a prison term after it has decided to impose one. We have previously rejected that argument. State v. Bradley (June 17, 2005), Greene App. No. 04CA0091, 2005-Ohio-3056. However, per Bradley, the trial court must then make other statutory findings in order to impose a prison term, which it did not make here.
 {¶ 5} R.C. 2929.13(B)(2)(b) mandates community control sanctions for felonies of the fourth and fifth degree when the court makes both of the findings contemplated by that section. R.C. 2929.13(B)(2)(a) mandates a prison term for felonies of the fourth and fifth degree when the court makes all three findings contemplated by that section, one of which is that the factors in R.C. 2929.13(B)(1)(a)-(i) apply. Even if the court does not find that any of the factors in R.C. 2929.13(B)(1)(a)-(i) that support a mandated prison term apply, it is within the trial court's broad discretion in deciding the most effective way to comply with the underlying purposes and principles of sentencing per R.C. 2929.11 and R.C. 2929.12(A) to impose a term of imprisonment for a fourth or fifth degree felony, but only if the court makes the other two companion findings in R.C. 2929.13(B)(2)(a) that favor imprisonment. Bradley,supra.
 {¶ 6} The trial court did not expressly find that one or more of the factors set out in R.C. 2929.13(B)(1)(a)-(i) apply. The court stated the factors it had considered, including that a firearm was used in committing these offenses, that there were children present during the offenses, and that no single prison term could adequately reflect the seriousness of Defendant's conduct. The finding that a firearm was used in this offense is sufficient to constitute a finding that the R.C. 2929.13(B)(1)(i) factor applies. The court nevertheless failed to make either of the two companion findings in R.C. 2929.13(B)(2)(a) that permit imprisonment; that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, and that the offender is not amenable to a community control sanction. Thus, the trial court failed to make the findings necessary to an imposition of the discretionary prison term the court imposed on Defendant for these fourth and fifth degree felony offenses. Bradley, supra; State v. Howard (August 4, 2005), Cuyahoga App. No. 85034, 2005-Ohio-4007. That requires a finding on our part that Defendant's sentence is contrary to law. R.C. 2953.08(G)(2)(b).
 {¶ 7} The first assignment of error is sustained. Defendant's sentence will be reversed and vacated and the case remanded to the trial court for resentencing. This disposition renders moot Defendant's remaining assignments of error and arguments regarding whether the trial court's findings were sufficient to impose more than the minimum sentence and consecutive sentences, and whether the court's consideration for sentencing purposes of facts relevant to the dismissed felonious assault charge violates the rule of Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. Therefore, we need not address those issues. App. R. 12(A)(1)(c).
Brogan, P.J. And Wolff, J., concur.