OPINION
{¶ 1} Defendant, David Gray, appeals from his conviction and sentence for money laundering, theft in office, and tampering with records.
 {¶ 2} Defendant was employed as an auditor at Central State University. Between June 2001 and October 2003, Defendant made several wire transfers of money from Central State's accounts to his own personal bank account. The total amount of money transferred was $313,976.91.
 {¶ 3} Defendant was indicted for one count of engaging in a pattern of corrupt activity, R.C. 2923.32, forty-one counts of money laundering, R.C. 1315.55, forty-one counts of theft in office, R.C. 2921.41, forty-one counts of tampering with records, R.C. 2913.42, and one count of possession of criminal tools, R.C.2923.24.
 {¶ 4} Pursuant to a plea agreement, Defendant entered pleas of guilty to one count of money laundering, forty counts of theft in office, and one count of tampering with records. In exchange, the State dismissed the other pending charges.
 {¶ 5} As part of the plea agreement, Defendant agreed to forfeit twenty-five items of personal property he had acquired with the money stolen from Central State University, and pay restitution in the amount of $313,976.91. The trial court accepted Defendant's guilty pleas and sentenced him to a combination of consecutive and concurrent prison terms totaling nine years. The court also ordered restitution in the amount of $313,976.91.
 {¶ 6} Defendant timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 7} "THE TRIAL COURT COMMITTED PLAIN ERROR AND VIOLATED DEFENDANT-APPELLANT'S RIGHTS AGAINST DOUBLE JEOPARDY WHEN IT FAILED TO RECOGNIZE THE OFFENSES FOR WHICH HE WAS INDICTED AND SENTENCED CONSTITUTED ALLIED OFFENSES OF SIMILAR IMPORT."
 {¶ 8} Defendant argues that with respect to counts two and three, he should not have been convicted of both money laundering and theft in office because these offenses are allied offenses of similar import under R.C. 2941.25. Likewise with respect to counts 123 and 124, Defendant argues that he should not have been convicted of both theft in office and tampering with records because these offenses are allied offenses of similar import. According to Defendant, the trial court's failure to recognize allied offenses of similar import constitutes plain error.
 {¶ 9} Defendant failed to raise any objection in the trial court on his allied offenses of similar import claim. That failure to object constitutes a waiver of that issue on appeal, absent plain error. State v. Denham (August 2, 2002), Greene App. No. 2001CA 105, 2002-Ohio-3912. Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been different. State v. Long (1978),53 Ohio St.2d 91.
 {¶ 10} R.C. 2941.25 provides:
 {¶ 11} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 12} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 13} In determining whether two or more offenses constitute allied offenses of similar import, a two step test is employed. In the first step, the statutorily defined elements of the crimes are compared in the abstract, without reference to the facts of the case. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step.
 {¶ 14} In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both crimes. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. State v.Rance, 85 Ohio St.3d 632, 1999-Ohio-291; State v. Blankenship
(1988), 38 Ohio St.3d 116; State v. Cephus,161 Ohio App.3d 385, 2005-Ohio-2752.
 {¶ 15} Defendant pled guilty to money laundering in violation of R.C. 1315.55(A)(2) and/or (A)(3). Those sections provide:
 {¶ 16} "(2) No person shall conduct or attempt to conduct a transaction knowing that the property involved in the transaction is the proceeds of some form of unlawful activity with the intent to conceal or disguise the nature, location, source, ownership, or control of the property or the intent to avoid a transaction reporting requirement under section 1315.53 of the Revised Code or federal law.
 {¶ 17} "(3) No person shall conduct or attempt to conduct a transaction with the purpose to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of corrupt activity."
 {¶ 18} Defendant also pled guilty to theft in office in violation of R.C. 2921.41(A)(2), which provides:
 {¶ 19} "(A) No public official or party official shall commit any theft offense, as defined in division (K) of section 2913.01
of the Revised Code, when either of the following applies:
 {¶ 20} * * *
 {¶ 21} "(2) The property or service involved is owned by this state, any other state, the United States, a county, a municipal corporation, a township, or any political subdivision, department, or agency of any of them, is owned by a political party, or is part of a political campaign fund."
 {¶ 22} Additionally, Defendant pled guilty to tampering with records in violation of R.C. 2913.42(A)(1) which provides:
 {¶ 23} "(A) No person, knowing he has no privilege to do so, and with purpose to defraud or knowing that he is facilitating a fraud, shall do any of the following:
 {¶ 24} "(1) Falsify, destroy, remove, conceal, alter, deface, or mutilate any writing, data, or record."
 {¶ 25} In his brief Defendant asserts that in applying the first step of the test for allied offenses the statutory elements of the offenses are to be compared in light of the facts of the case and the conduct constituting the offenses. That is incorrect. The elements are to be compared in the abstract, without reference to the facts or Defendant's conduct. Rance,supra; Cephus, supra. Compared in that way, the elements of the offenses at issue here are not the same and commission of one of these offenses does not result in commission of the others.
 {¶ 26} Theft in office requires a theft offense, by a public official, involving property owned by a governmental entity. Neither money laundering nor tampering with records have those same requirements. Money laundering requires either an intent to conceal the nature, location, source or ownership of the proceeds from some unlawful activity, or a purpose to promote, manage, establish or carry on corrupt activity. Theft in office and tampering with records do not require those same specific purposes or intent. Tampering with records requires the falsification, destruction, removal, concealment or alteration of some record. Theft in office and money laundering have no such requirement. Accordingly, the statutory elements of these offenses differ such that commission of one offense does not result in commission of the others. Therefore, the offenses are dissimilar and Defendant may be convicted of all of them.
 {¶ 27} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 28} "THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE WHEN IT SENTENCED DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES."
 {¶ 29} Defendant argues that his sentence is contrary to law because the trial court failed to make the statutory findings necessary and give reasons where required to impose a prison term for a fourth degree felony, to impose more than the minimum sentence, and to impose consecutive sentences.
 {¶ 30} Defendant was convicted of fifteen counts of theft in office that are felonies of the fourth degree. The permissible sentence for a fourth degree felony includes a prison term of six to eighteen months. R.C. 2929.14(A)(4). The trial court sentenced Defendant to seventeen months on each count. Defendant argues that the trial court acted contrary to R.C. 2929.13(B)(2)(b) when it sentenced him to a prison term instead of community control for these fourth degree felonies, in view of the fact that the trial court did not find any of the factors in R.C.2929.13(B)(1)(a)-(i) present in ths case.
 {¶ 31} When imposing a sentence for a fourth degree felony offense the court must first determine whether any of the five circumstances in R.C. 2929.13(B)(1)(a)-(i) apply to the offender and/or the offense. If one or more of those circumstantial factors are found to apply, and in addition the court finds both that a prison term is consistent with the purposes and principles of sentencing in R.C. 2929.11 and that the offender is not amenable to an available community control sanction, the court must impose a definite prison term from among the terms available under R.C. 2929.14(A)(4): six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.13(B)(2)(a).
 {¶ 32} Alternatively, when the court finds that none of the circumstantial factors in R.C. 2929.13(B)(1)(a)-(i) apply to the offender and/or the offense, the court has two courses open to it. First, per R.C. 2929.13(B)(2)(b), the court must impose a community control sanction or a combination of sanctions if the court finds that such sanctions are consistent with the purposes and principles of sentencing in R.C. 2929.11. Second, the court may impose a prison term from among those made available by R.C.2929.14(A)(4) if it finds that imprisonment is the most effective way to comply with R.C. 2929.11 and R.C. 2929.12(A), which weighs the seriousness of the offense and the potential for recidivism, if in addition the court makes the two findings in R.C.2929.13(B)(2)(a) that favor imprisonment: that a prison term is consistent with the purposes and principles of sentencing in R.C.2929.11 and that the offender is not amenable to an available community control sanction. State v. Lockett (Sept. 30, 2005), Montgomery App. No. 20694, 2005-Ohio-5232; State v. Bradley
(June 17, 2005), Greene App. No. 04CA0091, 2005-Ohio-3056.
 {¶ 33} The trial court considered the R.C.2929.13(B)(1)(a)-(i) factors and determined that none of them apply. After considering the purposes and principles of sentencing in R.C. 2929.11, and balancing the seriousness and recidivism factors in R.C. 2929.12, the court found "community control to be inconsistent with the purposes and principles of sentencing under R.C. 2929.11." That finding is not the same as either one of the two specific findings in R.C. 2929.13(B)(2)(a) that permit imprisonment: that Defendant is not amenable to a community control sanction and that a prison term is consistent with the purposes and principles of sentencing in R.C. 2929.11.
 {¶ 34} Even were we to conclude that the trial court's language was sufficient to constitute a finding that Defendant is not amenable to a community control sanction, the trial court nevertheless failed to make the other necessary finding in R.C.2929.13(B)(2)(a) that permits imprisonment; that a prison term is consistent with the purposes and principles of sentencing in R.C.2929.11. Failure to make that specific, required finding renders its imposition of a prison term for these fourth degree felonies contrary to law. Lockett, supra.
 {¶ 35} Accordingly, we will reverse that portion of the trial court's sentence imposing a seventeen month prison term on each of the fifteen counts of theft in office that are fourth degree felonies and remand that matter to the trial court for resentencing in accordance with this opinion. We note that since the trial court did not find any of the R.C. 2929.13(B)(1)(a)-(i) factors present, it is not required to give reasons as contemplated by R.C. 2929.19(B)(2)(a). Bradley, supra.
 {¶ 36} Next, Defendant complains that the trial court erred when it imposed greater than minimum sentences on all of these offenses. The offenses of money laundering, tampering with records, and twenty-five of the theft in office counts, are third degree felonies which carry a potential sentence of one, two, three, four or five years in prison. R.C. 2929.14(A)(3). The trial court imposed a three year prison term on each of the third degree felonies. The fifteen counts of theft in office that are fourth degree felonies carry a potential sentence of six to eighteen months in prison. R.C. 2929.14(A)(4). The trial court sentenced Defendant to seventeen months on each of these offenses.
 {¶ 37} R.C. 2929.14(B) requires a trial court when imposing a prison term for a felony to impose the shortest prison term authorized by law for the offense unless the court finds (1) that Defendant is serving or has previously served a prison term or (2) that the shortest prison term will demean the seriousness of Defendant's conduct or will not adequately protect the public from future crime by Defendant.
 {¶ 38} The trial court specifically found that the shortest prison term would demean the seriousness of Defendant's conduct and would not adequately protect the public from future crime by Defendant. The court therefore made all of the statutory findings necessary to impose more than the minimum sentence for the offenses concerned. The trial court is not required to give reasons for its findings pursuant to R.C. 2929.14(B). State v.Edmunson, 86 Ohio St.3d 324, 1999-Ohio-110. The trial court did not improperly impose greater than minimum sentences on all of these offenses.
 {¶ 39} Finally, Defendant complains because the trial court erred when it imposed consecutive sentences. The court ordered that the sentences for theft in office, which run concurrently to each other, are to be served consecutively to the sentences for money laundering and tampering with records, which run consecutively to each other.
 {¶ 40} Under R.C. 2929.14(E)(4), if discretionary consecutive sentences are imposed, the court must find (1) that consecutive sentences are necessary either to protect the public or punish the offender, (2) that consecutive sentences are not disproportionate both to the seriousness of the offender's conduct and the offender's danger to the public, and (3) that one of three circumstances exists: (a) offenses were committed while the offender was awaiting trial or sentencing, under a community control sanction, or under post-release control or parole supervision; (b) the harm caused was so great or unusual for offenses committed in a single course of conduct that no single prison term would adequately reflect the seriousness of the conduct; or (c) the offender's criminal conduct indicates that consecutive sentences are necessary to protect the public. The trial court must also give reasons supporting its findings and its consecutive sentence. R.C. 2929.19(B)(2)(c).
 {¶ 41} The trial court specifically found that consecutive sentences are necessary to protect the public from future crime and to punish Defendant, and that they are not disproportionate to the seriousness of Defendant's conduct and the danger Defendant poses to the public. The court also found that the harm caused by Defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of Defendant's conduct. The court therefore made all of the statutory findings necessary to impose consecutive sentences.
 {¶ 42} The trial court also gave its reasons for imposing consecutive sentences. The court pointed out that the victim, Central State University, suffered serious economic harm, losing over $310,000 from its operating budget and from student loan accounts. The court noted that these stolen funds are public monies, are substantial in amount, and impacted the budget of Central State as well as the student loan accounts. The court also pointed out that Defendant held a position of trust in controlling these public funds and he abused that trust by converting public monies to his own personal use because Defendant used his position as auditor at Central State to facilitate these theft offenses. We further note that the trial court indicated that it had balanced the seriousness and recidivism factors in R.C. 2929.12, and that its reasons for imposing consecutive sentences constitute factors that make Defendant's conduct in this case "more serious." See: R.C.2929.12(B)(2) and (3). The trial court properly imposed consecutive sentences in this case.
 {¶ 43} With the exception of the sentence imposed for the fourth degree felony offenses, on this record we cannot clearly and convincingly find that the record does not support the court's findings or that the sentence is otherwise contrary to law, which per R.C. 2953.08(G)(2)(b) is the standard for reversal. As previously discussed, that portion of the trial court's sentence imposing seventeen month prison terms on each count of theft in office that is a felony of the fourth degree will be reversed and that matter remanded to the trial court for resentencing in accordance with this opinion. In all other respects, the trial court's judgment imposing Defendant's sentences will be affirmed.
 {¶ 44} The second assignment of error is sustained in part and overruled in part.
THIRD ASSIGNMENT OF ERROR
 {¶ 45} "DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 46} In order to demonstrate ineffective assistance of trial counsel, Defendant must demonstrate that counsel's performance was deficient and fell below an objective standard of reasonable representation, and that Defendant was prejudiced by counsel's performance; that is, there is a reasonable probability that but for counsel's unprofessional errors, the result of Defendant's trial or proceeding would have been different.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 47} Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of reasonable assistance.Id. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel.Id.
 {¶ 48} Defendant claims that his trial counsel performed deficiently by failing to object at the sentencing hearing to allied offenses of similar import, and that but for this error, there is a reasonable probability that Defendant's sentence would have been less. We disagree. We have concluded in overruling Defendant's first assignment of error that the offenses for which Defendant was convicted are not allied offenses of similar import. Accordingly, defense counsel did not perform in a deficient manner by failing to object to allied offenses, and Defendant was not prejudiced by counsel's performance.
 {¶ 49} With respect to defense counsel's overall performance in this case, we note that as a result of counsel's plea bargaining eighty-three charges against Defendant were dismissed, including the most serious first degree felony charge of engaging in a pattern of corrupt activity, which greatly reduced the more than one hundred and fifty year potential sentence Defendant faced. Ineffective assistance of counsel has not been demonstrated.
 {¶ 50} The third assignment of error is overruled. Having sustained the second assignment of error in part, that portion of the trial court's sentence imposing a seventeen month prison term on each count of theft in office which is a felony of the fourth degree is reversed, and this matter is remanded to the trial court for resentencing on those offenses in accordance with this opinion. The trial court's judgment and sentence is affirmed in all other respects.
Brogan, P.J. And Wolff, J., concur.