OPINION
{¶ 1} Defendant entered a plea of guilty to possession of cocaine, a fifth degree felony, pursuant to a plea agreement. In exchange, the State dismissed a charge of possession of criminal tools and recommended community control with a drug and alcohol assessment and any recommended treatment. The presentence investigation report also recommended community control. However, after Defendant had failed to appear on four separate occasions for sentencing, the probation department changed its recommendation to a term of imprisonment. When Defendant finally appeared for sentencing the trial court imposed an eleven month prison term.
 {¶ 2} Defendant timely appealed to this court challenging only his sentence.
 {¶ 3} FIRST ASSIGNMENT OF ERROR
 {¶ 4} "THE TRIAL COURT ERRED, ABUSED ITS DISCRETION AND FAILED TO COMPLY WITH THE OHIO FELONY SENTENCING GUIDELINES WHEN IT SENTENCED DEFENDANT TO A PRISON TERM ON A FIFTH DEGREE FELONY IN EXCESS OF THE MINIMUM SENTENCE WITHOUT ANY 2929.13(B) FACTORS BEING PRESENT."
 {¶ 5} We are authorized by R.C. 2953.08(G)(2)(b) to reverse a sentence if we clearly and convincingly find that it was imposed contrary to law. Defendant claims that his sentence is contrary to law because the trial court failed to make certain findings required by Ohio's sentencing guidelines, and that in any event the record does not support the findings the court did make pursuant to R.C. 2929.13(B) and 2929.14(B) to impose a greater than minimum sentence for this fifth degree felony offense. We disagree.
 {¶ 6} When imposing a sentence for a fifth degree felony offense the court must first determine whether any of the five circumstances in R.C. 2929.13(B)(1)(a)-(i) apply to the offender and/or the offense. If one or more of those circumstantial factors are found to apply, and in addition the court finds both that a prison term is consistent with the purposes and principles of sentencing in R.C. 2929.11 and that the offender is not amenable to an available community control sanction, the court must impose a definite prison term from among the terms available under R.C. 2929.14(A)(5): six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.13(B)(2)(a).
 {¶ 7} Alternatively, when the court finds that none of the circumstantial factors in R.C. 2929.13(B)(1)(a)-(i) apply to the offender and/or the offense, the court has two courses open to it. First, per R.C. 2929.13(B)(2)(b), the court must impose a community control sanction or a combination of sanctions if the court finds that such sanctions are consistent with the purposes and principles of sentencing in R.C. 2929.11. Second, the court may impose a prison term from among those made available by R.C.2929.14(A)(5) if it finds that imprisonment is the most effective way to comply with R.C. 2929.11 and R.C. 2929.12(A), which weighs the seriousness of the offense and the potential for recidivism, if in addition the court makes the two findings in R.C.2929.13(B)(2)(a) that favor imprisonment: that a prison term is consistent with the purposes and principles of sentencing in R.C.2929.11 and that the offender is not amenable to an available community control sanction. State v. Lockett (Sept. 30, 2005), Montgomery App. No. 20694, 2005-Ohio-5232; State v. Bradley
(June 17, 2005), Greene App. No. 04CA0091, 2005-Ohio-3056.
 {¶ 8} The trial court considered the R.C.2929.13(B)(1)(a)-(i) factors and determined that none of them apply. After considering the purposes and principles of sentencing in R.C. 2929.11, and balancing the seriousness and recidivism factors in R.C. 2929.12, the court concluded that Defendant was not amenable to a community control sanction and that a prison term is consistent with the purposes and principles of sentencing. Thus, the trial court made the statutory findings necessary for a discretionary imposition of a prison term for this fifth degree felony offense. Lockett, supra.
 {¶ 9} Moreover, the trial court set forth its reasons why it concluded that Defendant is not amenable to community control and therefore why the court elected to impose a prison term for this fifth degree felony. The trial court stated at the sentencing hearing that one factor it must consider in deciding whether Defendant should receive community control is his willingness to comply with the court's orders. In that regard the court noted that Defendant failed to appear four times for sentencing, and that Defendant ignored the warrant issued for his arrest by the court, even after defense counsel had informed him of the warrant. Additionally, the court noted that Defendant admitted continuing to use drugs while awaiting his sentencing in this case. The trial court therefore satisfied R.C. 2929.19(B)(2)(a) which requires the court to give its reasons for imposing a prison term for a fifth degree felony offense. The trial court properly sentenced Defendant to a term of imprisonment.
 {¶ 10} R.C. 2929.14(B) requires a trial court when imposing a prison term for a felony to impose the shortest prison term authorized by law for the offense unless the court finds (1) that Defendant is serving or has previously served a prison term or (2) that the shortest prison term will demean the seriousness of Defendant's conduct or will not adequately protect the public from future crime by Defendant.
 {¶ 11} Defendant was convicted of a fifth degree felony, which carries a potential definite prison sentence of between six to twelve months. R.C. 2929.14(A)(5). The trial court sentenced Defendant to an eleven month prison term. In doing so the court specifically found that the shortest prison term would demean the seriousness of Defendant's conduct and would not adequately protect the public from future crime by Defendant. Thus, the trial court made the statutory findings necessary to impose more than the minimum sentence upon Defendant.
 {¶ 12} Furthermore, even though the trial court is not required to give reasons for making the findings in R.C.2929.14(B) that are necessary to impose more than the minimum sentence, State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, the trial court nevertheless did that here when it stated that Defendant posed a likelihood of recidivism based upon the fact that his was a drug possession offense and yet Defendant admitted he was again using drugs while awaiting sentencing in this case. The trial court properly imposed more than the minimum authorized sentence.
 {¶ 13} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, P.J. and Wolff, J., concur.