OPINION
{¶ 1} Anthony Cochran appeals from his conviction and sentence on one count of robbery in violation of R.C. §2911.02(A)(2). In his sole assignment of error, Cochran contends the trial court abused its discretion in imposing more than the shortest authorized prison term.
 {¶ 2} The record reflects that Cochran pled guilty to a second-degree felony charge of robbery in exchange for the dismissal of an aggravated robbery charge and a firearm specification. The offense involved the robbery of a Springfield drive-through during which Cochran displayed a firearm and stole approximately $300.
 {¶ 3} At sentencing, the trial court rejected Cochran's request for community control with placement in a drug-treatment program and his alternative request for a statutory minimum prison term of two years. Instead, the trial court sentenced him to seven years in prison, which is one year short of the maximum possible sentence.
 {¶ 4} On appeal, Cochran contends the trial court abused its discretion in sentencing him to more than the shortest prison term available. In support, he raises a manifest-weight-of-the-evidence argument, asserting that the trial court failed to give sufficient weight to his age, his drug addiction, his eligibility for a treatment program, his remorse, and his assertion that the firearm he brandished was not loaded. In light of these facts, Cochran argues that the trial court's findings in support of a seven-year prison sentence are against the manifest weight of the evidence.
 {¶ 5} Upon review, we find the foregoing argument to be without merit. As an initial matter, Cochran has applied the wrong standard of review. "Per R.C. § 2953.08(G)(2), our standard of review on appeal is not whether the sentencing court abused its discretion. Rather, we may increase, reduce, or otherwise modify a sentence that is appealed or vacate the sentence and remand the matter for resentencing if we clearly and convincingly find either (1) that the record does not support the sentencing court's findings under the relevant statute, or (2) that the sentence is otherwise contrary to law." State v. White, Greene App. No. 04CA120, 2005-Ohio-5906, at ¶ 27 (citations omitted). "`Contrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." Id. at ¶ 28 (citation omitted). Where a sentencing court fails to make statutorily mandated findings or to give reasons for those findings, when required, its sentence is contrary to law. Id.
 {¶ 6} In the present case, the trial court was required to impose the shortest authorized prison term on Cochran, who had not served a prior prison term, unless it found that the shortest term either would demean the seriousness of his conduct or would not adequately protect the public from future crime. R.C. §2929.14(B). At Cochran's sentencing hearing, the trial court madeboth findings, and it was not required to state its reasons for them. State v. Erwin, Greene App. No. 05-CA-32, 2006-Ohio-243, at ¶ 12. Because the trial court satisfied its statutory obligations, its sentence is not contrary to law.
 {¶ 7} We also conclude that the record supports the trial court's findings under R.C. § 2929.14(B). Although the State allowed Cochran to plead guilty to simple robbery, the trial court observed that his conduct involved threatening the use of a firearm while robbing a drive-through employee. Cochran was twenty-five years old at the time and had a criminal record as an adult and a juvenile. At the sentencing hearing, defense counsel conceded that Cochran had "some prior convictions, failure to register a dog, and a domestic violence as an adult and it looks like a possession of a dangerous ordnance as a juvenile." In addition, the trial court observed that Cochran had committed the drive-through robbery while under indictment for criminal non-support and that a warrant had been issued for his arrest in the non-support case. In our view, the foregoing facts demonstrate a basis for the trial court's finding that a minimum sentence would demean the seriousness of Cochran's offense and would not adequately protect the public from future crime.
 {¶ 8} Finally, as for Cochran's assertion that other facts would support a more lenient sentence, this argument is nothing more than a claim that his sentence is too harsh. We previously have recognized, however, that "an appellate court lacks jurisdiction to consider a claim that a defendant's sentence is excessive because certain facts militate against it." State v.Kelly, Greene App. No. 2004-CA-20, 2005-Ohio-305, at ¶ 31;State v. Bond, Montgomery App. No. 20674, 2005-Ohio-3665, at ¶ 14.
 {¶ 9} Based on the reasoning set forth above, we overrule Cochran's assignment of error and affirm the judgment of the Clark County Common Pleas Court.
Judgment affirmed.
Fain, J., and Donovan, J., concur.