OPINION
{¶ 1} James R. Kauffer appeals from his conviction and sentence following a guilty plea to one count of robbery.
 {¶ 2} Kauffer's appointed appellate counsel has filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, indicating that he can find no non-frivolous issues for appellate review and requesting permission to withdraw. Appellate counsel has identified two possible assignments of error, however, relating to the validity of Kauffer's guilty plea and the severity of his sentence. Appellate counsel suggests (1) that the plea was not entered knowingly, intelligently, and voluntarily, and (2) that Kauffer's seven-year sentence was excessive because certain facts militate against it. Appellate counsel nevertheless concludes that these arguments lack even potential merit.
 {¶ 3} After receiving appellate counsel's Anders brief, we invited Kauffer to file a pro se brief assigning any errors for our review. Kauffer responded with a brief in which he raises one assignment of error. In particular, Kauffer contends the trial court erred by making findings necessary to impose a more-than-minimum sentence.
 {¶ 4} Pursuant to our responsibilities under Anders, we have conducted a complete review of the record, including the plea and sentencing-hearing transcripts. Based on that review, we agree with appellate counsel that Kauffer validly waived his rights and entered a guilty plea following a proper Crim.R. 11 plea hearing. We also agree that the potential sentencing issue raised by appellate counsel lacks even arguable merit. "We previously have recognized that `an appellate court lacks jurisdiction to consider a claim that a defendant's sentence is excessive because certain facts militate against it.'" State v.Cochran, Clark App. No. 2005-CA-29, 2006-Ohio-986, ¶ 8, quotingState v. Kelly, Greene App. No. 2004-CA-20, 2005-Ohio-305, ¶ 31. Therefore, appellate counsel's request to withdraw is granted.
 {¶ 5} We do find merit, however, in Kauffer's own assignment of error. He was convicted of a second-degree felony, which is punishable by a prison term of two to eight years. R.C.2929.14(A)(2). The trial court sentenced him to seven years in prison. Kauffer argues that the trial court erred by making findings necessary to impose more than the statutory minimum sentence.
 {¶ 6} Revised Code section 2929.14(B) provides, inter alia, that if a trial court imposes a prison term for a felony offense, "the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless * * * [t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 7} The seven-year sentence imposed for Kauffer's offense exceeds the two-year minimum for second-degree felonies authorized by R.C. 2929.14(A)(2). The trial court justified its deviation from the minimum based on a finding, pursuant to R.C.2929.14(B), that a two-year sentence would demean the seriousness of Kauffer's conduct and would not adequately protect the public from future crime.
 {¶ 8} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court held that R.C. 2929.14(B) violates a defendant's Sixth Amendment rights and that a sentence imposed based on an R.C. 2929.14(B) finding by a trial court is unconstitutional and must be reversed. Id. at ¶ 97. Moreover, reversal and resentencing within the available statutory range is required in any such case that was pending on appeal whenFoster was decided. Id. at ¶ 104; State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855.
 {¶ 9} Kauffer's notice of appeal was filed on August 23, 2005. The Ohio Supreme Court decided Foster on February 27, 2006. Therefore, a reversal and remand for resentencing is required. Kauffer's pro se assignment of error is sustained. His sentence is hereby reversed and vacated, and the case is remanded for resentencing within the applicable statutory range established by R.C. 2929.14(A)(2), pursuant to Foster.
Grady, P.J., and Wolff, J., concur.