[Cite as *State v. Brody*, 2013-Ohio-340.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2012-L-050, 2012-L-051, and 2012-L-052** |
| DAVID E. BRODY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. 10 CR 000026, 10 CR 000029, and 10 CR 000366.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*David E. Brody*, pro se, PID: A591175, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, David E. Brody, appeals the judgments of the Lake County Court of Common Pleas, denying his post-sentence motions to withdraw his guilty pleas in three separate cases. At issue is whether the trial court abused its discretion in finding a lack of manifest injustice to support a withdrawal of the pleas. For the reasons that follow, the judgments are affirmed.

{¶2} Appellant was charged on an 11-count indictment (case No. 10 CR 000026), a 17-count indictment (case No. 10 CR 00029), and a one-count information (case No. 10 CR 000366).

{¶3} On June 23, 2010, appellant entered into a plea bargain with the state pursuant to which he entered a guilty plea in each of his three cases. In case No. 10 CR 000026, appellant pled guilty to misuse of credit cards, a fifth-degree felony in violation of R.C. 2913.21(B)(2); grand theft of a firearm, a third-degree felony in violation of R.C. 2913.02(A)(1); and burglary, a second-degree felony in violation of R.C. 2911.12(A)(2), with a firearm specification, in violation of R.C. 2941.141.

{¶4} In case No. 10 CR 000029, appellant pled guilty to breaking and entering, a fifth-degree felony in violation of R.C. 2911.13(A); receiving stolen property involving a motor vehicle, a fourth-degree felony in violation of R.C. 2913.51(A); grand theft of another motor vehicle, a fourth-degree felony in violation of R.C. 2913.02(A)(1); and vandalism, a fourth-degree felony in violation of R.C. 2909.05(A).

{¶5} Finally, in case No. 10 CR 000366, appellant pled guilty to burglary, a second-degree felony in violation of R.C. 2911.12(A)(2).

{¶6} Pursuant to the plea bargain, in exchange for appellant's guilty pleas, the trial court dismissed the multiple remaining counts in the indictments.

{¶7} The trial court found appellant's guilty pleas were made knowingly, intelligently, and voluntarily; accepted the guilty pleas; and found appellant guilty. On July 29, 2010, the court sentenced appellant consecutively in each of his cases for an aggregate of 18 years in prison.

**{¶8}** Appellant initiated direct appeals, claiming the trial court erred by imposing consecutive sentences. This court affirmed the judgments. *State v. Brody*, 11th Dist. Nos. 2010-L-095, 2010-L-096, & 2010-L-097, 2011-Ohio-4884.

**{¶9}** Shortly thereafter, appellant filed a motion to withdraw his guilty plea in each of his respective cases, arguing ineffective assistance of counsel during the plea bargain stage. Upon consideration, the court denied the motions. Appellant, pro se, now appeals. This court, sua sponte, consolidated the cases for purposes of appeal. Appellant raises two assignments of error which, as they are interrelated, will be considered together:

**{¶10}** "[1.] The trial court abused its discretion by denying Defendant-Appellant's motion to withdraw his guilty plea.

**{¶11}** "[2.] Defendant-Appellant was not provided his Sixth Amendment right to Effective Assistance of Counsel during the plea bargain stage."

**{¶12}** Appellant argues his pleas were not entered knowingly, intelligently, or voluntarily because his counsel was ineffective in counseling him during the plea bargain stage. Appellant explains his counsel's performance was deficient in that he received erroneous advice on the nature of his sentence. Appellant additionally charges his attorney with coercing him into a plea bargain even though no discovery had been conducted. As such, appellant contends the trial court abused its discretion in denying his motions to withdraw his pleas as his allegations are tantamount to manifest injustice.

**{¶13}** An appellate court analyzes a trial court's decision regarding a motion to withdraw a guilty plea based on an abuse of discretion standard of review. *State v.*

3

*Gibbs*, 11th Dist. No. 98-T-0190, 2000 Ohio App. LEXIS 2526 (June 9, 2000), *6-7. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶14} Crim.R. 32.1 provides for a withdrawal of a guilty plea, stating "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶15} Here, appellant filed his motion to withdraw his plea after his sentencing. Thus, pursuant to Crim.R. 32.1, appellant must have demonstrated manifest injustice to be entitled to relief. "Under this higher standard [of manifest injustice], a defendant is entitled to prevail on the motion only if the existence of extraordinary circumstances has been established." *State v. Combs*, 11th Dist. No. 2007-P-0075, 2008-Ohio-4158, ¶34. "The reason for such a high standard for granting a post-sentence motion to withdraw a guilty plea 'is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe.'" *State v. Clark*, 11th Dist. No. 2009-A-0038, 2010-Ohio-1491, ¶13, quoting *State v. Caraballo*, 17 Ohio St.3d 66, 67 (1985).

{¶16} However, claims raised in a post-sentence motion to withdraw a guilty plea which were raised or could have been raised in a direct appeal are barred by res judicata. *State v. Lorenzo*, 11th Dist. No. 2007-L-085, 2008-Ohio-1333, ¶21; *State v. Green*, 11th Dist. Nos. 2005-A-0069 & 2005-A-0070, 2006-Ohio-6695, ¶13; and *State v. McDonald*, 11th Dist. No. 2003-L-155, 2004-Ohio-6332, ¶22. *See also State v.*

4

*Thomas*, 3d Dist. No. 10-10-17, 2011-Ohio-4337, ¶18; and *State v. Rose*, 12th Dist. No. CA2010-03-059, 2010-Ohio-5669, ¶18.

**{¶17}** For instance, in *State v. Johnson*, 6th Dist. No. OT-11-101, 2012-Ohio-1400, the defendant filed a post-sentence motion to withdraw his guilty plea based on ineffective assistance of trial counsel during plea bargaining. The Sixth Appellate District concluded that, as appellant was able to, but failed to, raise the claims during his direct appeal, res judicata barred him "from raising those claims in his motion to withdraw his guilty plea." *Id.* at ¶10. *See also State v. LaPlante*, 4th Dist. No. 11CA3215, 2011-Ohio-6675, ¶8 (finding res judicata to bar ineffective assistance of counsel claims found in defendant's post-sentence Crim.R. 32.1 motion when those claims were based upon information available to him at the time of direct appeal).

**{¶18}** Here, the arguments appellant asserts in his Crim.R. 32.1 motions were based on ineffective assistance of trial counsel during plea bargaining. Each assertion (e.g., erroneous advice, no discovery) was based upon information available to appellant at the time of his direct appeal. Appellant's arguments are therefore barred by res judicata. If appellant genuinely believed he suffered ineffective assistance of counsel that resulted in involuntary pleas, the time to assert such a claim would have been during his direct appeals. Rather than attack the validity of his pleas during his direct appeals, however, appellant elected to attack the trial court's sentence, arguing it was improper to issue consecutive terms. We note appellant's motions to withdraw his pleas were filed approximately five months after the notices of appeal were filed.

**{¶19}** Appellant explains, in a response brief, that he *tried* to raise this matter in his direct appeals, but his attorney explained issues regarding his plea would best be

5

contained in a Crim.R. 32.1 motion. There is no evidence to support this contention in the record. Though appellant attached to his response brief a letter purporting to be from his attorney, it cannot be considered, pursuant to App.R. 9(A)(1), as it is not part of the record. *See generally State v. Ott*, 11th Dist. No. 2012-P-0010, 2012-Ohio-4471, ¶7 ("[a]ppellant attached multiple exhibits to his merit brief which cannot be considered because they are not part of the record").

{¶20} In the alternative, appellant contends that, if res judicata bars his claims, then, by the same token, he received ineffective assistance of appellate counsel because the matter of an involuntary plea was not assigned as error in his direct appeal. However, an application for reopening is the proper procedural mechanism by which to raise a claim of ineffective assistance of appellate counsel, pursuant to App.R. 26(B).

{¶21} It is also worth noting that post-conviction relief petitions were not filed in these cases; thus, any conversation between appellant and his attorney that may support his claims of erroneous advice is simply not part of the record. *See*, *e.g.*, *State v. Bond*, 2d Dist. No. 20674, 2005-Ohio-3665, ¶10 ("[i]t is well settled, however, that when an alleged error requires the presentation of evidence outside the record, it must be raised in a petition for post-conviction relief rather than on direct appeal").

{¶22} Nonetheless, the contentions set forth in appellant's Crim.R. 32.1 motions also fail on their merits as there is no indication appellant received ineffective assistance of counsel at the plea bargain stage. Indeed, nothing in the record suggests the advice appellant received from his attorney was questionable "or inconsistent with counsel's duty to zealously represent" appellant. *See State v. Corradetti*, 11th Dist. No. 2012-L-006, 2012-Ohio-5225, ¶13. Additionally, nothing in the record suggests appellant's

6

pleas were somehow coerced. Rather, as indicated by the record of the plea-hearing colloquy, the pleas were entered knowingly, intelligently, and voluntarily. Specifically, the court advised appellant of the rights he would waive by entering guilty pleas and explained the nature of the charges and the maximum penalties appellant could face. Appellant stated he understood the rights he was waiving and the prospective nature of his sentence. Appellant also affirmed he was satisfied with his trial counsel's representation. Further, the state recited the factual basis for the charges, which appellant did not deny or refute after given the opportunity to do so.

{¶23} As a final matter, though not framed as an individual assignment of error, appellant additionally contends the trial court should have held a hearing on his motions. We take notice that appellant attempted to compel the trial court to hold an evidentiary hearing on his motions to withdraw his pleas via writ of procedendo, which was dismissed on procedural grounds by this court, sua sponte, in *Brody v. Lucci*, 11th Dist. No. 2011-L-139, 2012-Ohio-1132. However, a motion to withdraw a guilty plea made after sentencing does not require a hearing unless "the facts alleged by the defendant and accepted as true would require the trial court to permit withdrawal of the plea." *State v. Whiteman*, 11th Dist. No. 2001-P-0096, 2003-Ohio-2229, ¶19. As set forth above, appellant's contentions are barred by res judicata, and further, appellant has failed to assert any facts that establish manifest injustice would occur if he were not permitted to withdraw his plea.

{¶24} Thus, the trial court did not abuse its discretion in denying appellant's motions to withdraw his guilty pleas.

{¶25} Appellant's first and second assignments of error are without merit.

7

{¶26} The judgments of the Lake County Court of Common Pleas are affirmed.


MARY JANE TRAPP, J.,

THOMAS R. WRIGHT, J.,

concur.