[Cite as *State v. Paxon*, 2019-Ohio-3551.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0011** |
| KC ANNE ELIZABETH PAXON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2018 CR 00485.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, Ohio 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, Ohio 44240 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, KC Anne Elizabeth Paxon, appeals her conviction after pleading guilty to aggravated possession of drugs. We affirm.

{¶2} Paxon raises one assignment of error:

{¶3} "The trial court erred by sentencing appellant to incarceration rather than imposing a community control sanction."

**{¶4}** Paxon contends her sentence is contrary to law because the court was required to impose a community control sanction pursuant to R.C. 2929.13(B)(1)(a) since she met the stated conditions, and the court failed to find that an exception applied consistent with the statute. We disagree.

**{¶5}** Our standard of review is delineated in R.C. 2953.08(G)(2):

**{¶6}** "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶7}** "(a) That the record does not support the sentencing court's findings under [certain sections] of the Revised Code, whichever, if any, is relevant;

**{¶8}** "(b) That the sentence is otherwise contrary to law."

**{¶9}** Paxon pleaded guilty to aggravated possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(a).

**{¶10}** The applicable version of R.C. 2929.13(B)(1)(a), effective October 17, 2017, states in part:

**{¶11}** "*Except as provided in division (B)(1)(b) of this section*, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least on year's duration if all of the following apply * * *." (Emphasis added.)

**{¶12}** The exception in subsection (B)(1)(b) of R.C. 2929.13 states:

2

**{¶13}** "The court has *discretion to impose a prison term* upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

**{¶14}** "* * *

**{¶15}** "(iii) The offender violated a term of the conditions of bond as set by the court.

**{¶16}** "* * *

**{¶17}** "(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance." (Emphasis added.)

**{¶18}** Contrary to Paxon's argument, the statute does not require a court to explicitly make a finding before it has discretion to impose prison. Instead, a plain reading of the applicable version of R.C. 2929.13(B)(1)(b) confirms that if any of the factors apply, the court has discretion to impose a prison term. No explicit findings are required.

**{¶19}** Ohio courts have consistently held that a sentencing court is only required to make findings when the applicable statutes *require* findings. For example, the failure to make the required findings to impose consecutive sentences in R.C. 2929.14(C)(4) at the sentencing hearing renders the sentence contrary to law. *State v. Barajas-Anguiano,* 11th Dist. Geauga No. 2017-G-0112, 2018-Ohio-3440, ¶ 19, citing *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659; *accord State v. Koeser,* 11th Dist. Portage No. 2013-P-0041, 2013-Ohio-5838, ¶ 24, *aff'd*, 140 Ohio St.3d 1409, 2014-Ohio-3785, 15 N.E.3d 879. And R.C. 2929.14(C)(4) states in pertinent part that a court "may require the offender to serve the prison terms consecutively if the court *finds* that the

3

consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also *finds* * * * [one of the factors in (C)(4)(a)-(c) applies.]" (Emphasis added.)

{¶20} As evidenced in the transcript of proceedings and pointed out by the state, Paxon was on probation at the time of her guilty plea, and she violated the conditions of her bond during the proceedings, which resulted in the court revoking her bond. Thus, the trial court had discretion to impose prison because two of the factors in R.C. 2929.13(B)(1)(b) applied. *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94 (1992) ("The burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria."); *State v. Carter,* 11th Dist. Portage No. 2003-P-0007, 2004-Ohio-1181, ¶ 46 (finding that the trial court's consideration of the factors enumerated in R.C. 2929.12 can be derived from the sentencing transcript or the sentencing entry).

{¶21} Moreover, the cases Paxon relies on address prior versions of the statute that explicitly required findings. Former R.C. 2929.13(B)(2)(a), effective to January 1, 2007, required a court to make three findings before imposing a prison term. *State v. Bradley*, 2nd Dist. Greene No. 04CA0091, 2005-Ohio-3056, ¶ 7; *State v. Lockett*, 2nd Dist. Montgomery No. 20694, 2005-Ohio-5232, ¶ 5 ("R.C. 2929.13(B)(2)(b) mandates community control sanctions for felonies of the fourth and fifth degree when the court makes both of the findings contemplated by that section. R.C. 2929.13(B)(2)(a) mandates a prison term for felonies of the fourth and fifth degree when the court makes all three findings contemplated by that section * * *.") These cases are inapplicable here.

{¶22} Accordingly, Paxon's sole assigned error lacks merit, and the trial court's decision is affirmed.

TIMOTHY P. CANNON, J.,

MATT, LYNCH, J.

concur.